UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD, on behalf of
himself and others similarly
situated,

                                                Case No.: 6:24-CV-2354

          Plaintiff,

v.

CENTRAL FLORIDA TAX AND
ACCONTING, INC,
ANEES AHMAD TANOLI
LAWGICAL INSIGHT, LLC,
ANDREW BAUTA,
MICHAEL RUSSO,
ROTTENSTREICH FARLEY
BRONSTEIN FISHER
POTTER HODAS LLP,
MELIZA MILLER, and
RICHARD I. SEGAL,

                      Defendants.

_____/

## <u>VERIFIED CLASS ACTION COMPLAINT<br>AND DEMAND FOR A JURY TRIAL</u>

      The Plaintiff, ANSARI MOHAMAD, (collectively "Plaintiffs"), on behalf of

himself and all others similarly situated, (collectively "Plaintiffs"), by their
attorney

J. Brian Phillips, P.A. and Jason Brian Phillips, Esq. upon personal knowledge as
to

himself and upon information and belief as to other matters allege as follows:

1

## NATURE OF ACTION

1.    This is a class action bought by Ansari Mohamad (hereinafter "Plaintiff" or "Mohamad"), and others similarly situated who are present and former clients of Akbar A. Ali, C.P.A.[1] doing business as A.A. Ali C.P.A. (hereinafter "Plaintiffs" or "Taxpayers") alleging violations of 26 U.S. Code § 6103.

2.    The Plaintiffs are seeking damages pursuant to 26 U.S. Code § 7431 *et seq*. that provides:

(2) Inspection or disclosure by a person who is not an employee of United States

If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States.

(2) the costs of the action, plus

(3) in the case of a plaintiff which is described in section 7430(c)(4)(A)(ii), reasonable attorneys' fees, except that if the defendant is the United States, reasonable attorneys' fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430(c)(4)).

---

[1] In Orange County, Florida, Circuit Case Number 2021-CA-011761, *Central Florida Tax and Accounting Services v. Akbar A. Ali, et al*., (hereinafter the "state court Proceeding") under the threat of incarceration RFBLLP and CFTAS Defendants have moved to compel Mr. Akbar A. Ali (hereinafter "Ali) to divulge confidential credentials to software applications, cloud services, and tax preparation software that provides direct access to the Plaintiff's and others similarly situated confidential and privileged TRI.

3.     The Plaintiffs allege that the Defendants, LAWGICAL INSIGHT, LLC ("hereinafter referred to as "Lawgical' or "Lawgical Defendants", collectively), Andrew Bauta (hereinafter "Bauta"), Michael Russo (hereinafter "Russo"), ROTTENSTREICH FARLEY BRONSTEIN FISHER POTTER HODAS LLP (hereinafter "RFBLLP" or "RFBLLP Defendants", collectively), MELIZA MILLER (hereinafter "Miller"),  RICHARD I. SEGAL (hereinafter "Segal"), CENTRAL FLORIDA TAX AND ACCOUNTING, INC. (hereinafter "CFTAS") and ANEES AHMAD TANOLI (hereinafter "Tanoli" or collectively "CFTAS Defendants") have inspected, disseminated, transmitted any return or return information with respect to the unlawful disclosure of Plaintiff's private tax return(s) in violation of any provision of 26 U.S. Code § 6103.

4.     Collectively the Defendants have threatened to issue subpoenas to to A) ShareFile; B) Microsoft; C) NameSecure; D) Google; E) Apple; F) TheSageNext; G) AllDirectCFL.com; H) GoTo Communications, Inc.; and I) Tej Prakash to seek disclosure of privielged PTI gathered by Ali in  the preparation of Ali the Plaintiff's, and others similarly situated, tax returns.

5.     Collectively, the Defendants have harvested, disseminated, disclosed and inspected thousands of tax returns containing the Taxpayers confidential and privileged TRI by collecting a forensic mirror image of Ali's computers and cell

phones to access all tax filings, including returns and extensions, prepared and/or submitted by Ali, and any documents, records, and data relating to such filings.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction, pursuant to 28 U.S.C § 1331.

7.      Defendants are subject to personal jurisdiction in this District because Defendants are corporations or individuals doing business in the State of Florida, and this suit arises out of and is related to Defendants' contacts with the State of Florida.

8.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events of omissions giving rise to the claims occurred in Orange County, Florida and Defendants conduct business in this county.

9.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

10.      The Plaintiff, Mohamad, is an individual, sui juris, that resides in Orange County, Florida. The Plaintiff was a past client of Ali doing business as A.A. Ali C.P.A.

11.      LAWGICAL is a is an eDiscovery, computer forensics, data analysis, and case management company licensed to do business in the State of Florida.

12.     BUATA is an individual, sui juris, and the Chief Operating Officer of Lawgical Insights, LLC.

13.     RUSSO is an individual, sui juris, and the founder and chief executive officer of Lawgical Insights, LLC.

14.      RFBLLP is law firm whose address is 515 N Flagler Dr # 800, West Palm Beach, FL 33401.

15.     MILLER is an individual, sui juris, and an attorney licensed to practice law in Florida and employed by RFBLLP.

16.     SEGAL is an individual, sui juris, and an attorney licensed to practice law in Florida and employed by RFBLLP.

17.     CFTFAS is a Florida company licensed to do business in Florida. CTFAS provides audit, tax, financial advisory, and business management services to large and small privately held companies and public companies.

18.     TANOLI is an individual, sui juris, and a licensed C.P.A. doing business as CFTAS.

## FACTUAL ALLEGATIONS

19.     The class Plaintiffs numbered in the thousands and are clients of Akbar A. Ali doing business as A.A. Ali C.P.A. Inc. from at least 2019 to the present.

20.     The Defendants have collectively sought to harvest, disseminate, disclose, and inspect and/or threatened to harvest, disseminate, disclose and inspect

thousands of tax returns containing the Plaintiff's and similarly situated individuals confidential and privileged tax return information ("TRI")[2] by collecting a forensic mirror image of Ali's computers and cell phones to access all tax filings, including returns and extensions, prepared and/or submitted by ALI, and any documents, records, and data relating to such filings created on or after April 8, 2019. See Exhibit A.

21.     The TRI the Defendants unlawfully collectively harvested, inspected, and disclosed privileged TRI including the Taxpayer full name; phone number; names of dependents, along with other personal identifiers in violation of 26 U.S. Code § 6103.

22.     The Defendants did not obtain the consent of the Taxpayers prior to inspecting or disclosing the Taxpayers TRI.

---

[2] (2) Return information
The term "return information" means—
(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

## CLASS ACTION ALLEGATIONS

23.     The Plaintiffs bring the claims for Relief pursuant to Federal Rule of Civil Procedure 23 seeking damages, injunctive, and declaratory relief on behalf of a Taxpayers that employed ALI doing business as A.A. Ali C.P.A. from April 8, 2019 to present.

24.     The Plaintiff(s) reserves the right to amend the definition of the Class based on discovery or legal developments.

25.     The Plaintiff is members of the Class they seek to represent.

26.     23. The members of the Class identified herein are so numerous that joinder of all members is impracticable.

27.     As of the date of this filing, the Lawgical Defendants represented that that harvested and/or inspected TRI that include over 17,000 files and 100,000 pages.

28.     Although Plaintiffs do not know the precise number of members of the putative Class, the number is far greater than can be feasibly addressed through joinder.

29.     There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

(a)     whether the Defendants unlawfully inspected the Taxpayers' TRI;

(b)     whether the Defendants unlawfully disclosed the Taxpayers' TRI;

7

(c)    whether the Defendants actions violated § 26 U.S.C. 6103

(d)    whether equitable remedies, injunctive relief, actual damages, and

punitive damages for the Class are warranted.

30.    Plaintiff's claims are typical of the claims of the Class they seek to

represent.

31.    Plaintiff will fairly and adequately represent and protect the interests of

the Class Members. Plaintiff(s) have or will retain counsel competent and

experienced in class actions commensurate with the claims asserted herein.

32.    Class certification is appropriate pursuant to Federal Rule of Civil

Procedure 23(b)(2) because Defendants have acted contrary to the Taxpayers' rights

that are generally applicable to the Class, making appropriate declaratory and

injunctive relief with respect to Plaintiffs and the Class as a whole.

33.    The Class Members are entitled to injunctive relief to end Defendants'

unlawful dissemination, inspection, and disclosure to the Taxpayers' TRI.

34.    Class certification is also appropriate pursuant to Federal Rule of Civil

Procedure 23(b)(3) because common questions of fact and law predominate over any

questions affecting only individual members of the Class, and because a class action

is superior to other available methods for the fair and efficient adjudication of this

litigation. The Class Members have been damaged and are entitled to recovery as a

result of Defendants' collectively harvested, inspected, and disclosed privileged

TRI. The maximum amount of statutory damages is limited at $1,000.00 including actual damages. A preliminary injunction would mitigate the actual damages of the Class as a whole. The propriety and amount of punitive damages are based on Defendants' conduct, making these issues common to the Class.

## CAUSES OF ACTION

### COUNT I – Against Defendants LAWGICAL, RUSSO, AND BAUTA (Unauthorized Disclosure/Inspection 26 U.S.C. § 7431)

35.    The Plaintiff reasserts the averments of paragraphs 1-34 as though fully set forth herein.

36.    Section 6103 proscribes:

> no other person … who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n), shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. [Section 6103]." 26 U.S.C. § 6103(a).

37.    A taxpayer may bring a civil action for damages arising from the prohibited disclosure of his tax information in violation of Section 6103. *See Id*. § 7431.

38.    Lawgical disclosed the Plaintiff's, and others similarly situated, privileged TRI in violation of 26 U.S.C. § 7431 to the Defendants.



39.     Said disclosure was a violation of 26 U.S.C. § 7431.

40.     Said disclosure constituted approximately "12,000 records totaling just under 100,000 pages":



41.     Section 7431 provides that, upon a wrongful disclosure, a defendant is liable for damages in the amount of the greater of either (1) $1,000 for each unauthorized disclosure, or (2) "actual damages sustained by the plaintiff as a result of such unauthorized . . . disclosure, plus . . . in the case of a willful . . . disclosure or a[] . . . disclosure which is the result of gross negligence, punitive damages." Id. § 7431(c)(1).

42.     Plaintiff seeks to have Lawgical Defendants disclose all wrongful disclosures by Defendant and the circumstances of each as Lawgical Defendant are in sole custody and control of such information and Plaintiff has no other means of obtaining such information.

43.     The unauthorized disclosures have proximately caused the Plaintiff significant actual, economic and special damages for which they bring suit.

44.     Any dissemination of Plaintiffs' confidential tax information was not affected pursuant to an appropriate grant of authority under 26 U.S.C. § 6103.

45.     Thus, the Defendants are liable for greater statutory or actual damages under § 7431.

46.     The Defendant is further liable to Plaintiff, due to its actions amounting to gross negligence, for punitive damages." Id. § 7431(c)(1).

47.     26 U.S.C. § 7431 also allows recovery of reasonable attorney's fees for which suit is brought and should Plaintiffs prevail.

## DAMAGES

48.    As a direct and/or proximate result of Defendant's wrongful conduct, the Plaintiff has suffered actual damages.

49.    The Plaintiff seeks actual to include economic and non-economic damages against each Defendant, jointly and severally, to the full extent allowed by law as established in 26 U.S.C. § 7431 to include: a) statutory penalties and interest; b) invasion of privacy; c) damage to credit rating and inability to utilize credit score; d) loss credit reputation; e) loss financial and economic opportunities; f) actual damages suffered to business associated with loss credit rating; g) attorney's fees; h) court costs; i) inability to file state and or federal tax returns; j) business interference and reputation; k) personal affairs disruption and loss of reputation; l) mental anguish; and m) costs associated with repairing credit rating and information.

50.    The wrongful disclosure of the personal and private information of the Plaintiffs has further caused much anxiety, grief and mental anguish as it is not known and, in all probability, will never fully be known, who and how many criminals and others with ill intent, has Plaintiffs confidential information and where will Plaintiffs information be disseminated in the foreseeable future.

51.    Plaintiff seek recovery of the full court costs and reasonable attorney's fees in pursuing this action and as contemplated under 26 U.S.C. § 7431.

52.     Plaintiff seeks punitive damages as a result of Defendants' gross negligence in the unauthorized disclosures.

### COUNT II – Against Defendants RFBLLP, MILLER, AND SEGAL
(Unauthorized Disclosure/Inspection 26 U.S.C. § 7431)

53.     The Plaintiff reasserts the averments of paragraphs 1-34 as though fully set forth herein.

54.     Section 6103 proscribes:

no other person … who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n), shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. [Section 6103]." 26 U.S.C. § 6103(a).

55.     A taxpayer may bring a civil action for damages arising from the prohibited disclosure of his tax information in violation of Section 6103. *See Id*. § 7431.

56.     On December 20, 2024, Defendant Miller requested confidential and privilege TRI, from Defendant Bauta and LAWGICAL on behalf of CFTAS:

13

**From:** Meliza Miller <mmiller@rfbllp.com>
**Sent:** Friday, December 20, 2024 11:47 AM
**To:** Andrew Bauta <abauta@lawgicalinsight.com>; Michael Russo <mrusso@lawgicalinsight.com>
**Cc:** Richard I. Segal <rsegal@rfbllp.com>; Kathleen M. Shaw <kshaw@rfbllp.com>; Micayla Roth <MRoth@rfbllp.com>; anthonylegendre@live.com <anthonylegendre@live.com>; michael.paralegal.legendre@gmail.com <michael.paralegal.legendre@gmail.com>; vanessa.paralegal.legendre@gmail.com <vanessa.paralegal.legendre@gmail.com>; Angela Beasley <angie.beasley@jbrianphillipsesq.com>; Ashiqur Shubir <arshubir75@gmail.com>; Jason Brian Phillips, Esq. <jason@jbrianphillipsesq.com>
**Subject:** CFTAS v. Ali - Preliminary Forensic Report

Andrew,

Plaintiff is requesting the following information referenced in the Preliminary Forensic Report:

p. 31   - the full directory listing of the QuickBooks files located in the "E" drive
p. 36   - the full list of tax returns contained in the "Batch 2.zip" file
p. 36   - the full list of tax returns contained in the file "Printed Returns.7z"

Thank you,

Meliza Miller, Esq.
Attorney At Law
**Rottenstreich Farley Bronstein Fisher Potter Hodas LLP**
515 N Flagler Drive Suite 800
West Palm Beach, FL 33401
561-832-1005 – tel
mmiller@rfbllp.com

57.    The Defendants seemingly admitted to inspecting and disclosing the Plaintiff's, and others similarly situated, privileged TRI in violation of 26 U.S.C. § 7431 *See* Exhibit A.

58.    Said disclosure was a violation of 26 U.S.C. § 7431.

59.    Section 7431 provides that, upon a wrongful disclosure, a defendant is liable for damages in the amount of the greater of either (1) $1,000 for each unauthorized disclosure, or (2) "actual damages sustained by the plaintiff as a result of such unauthorized . . . disclosure, plus . . . in the case of a willful . . . disclosure or a[] . . . disclosure which is the result of gross negligence, punitive damages." Id. § 7431(c)(1).

60.    Plaintiff seeks to have RFBLLP Defendants disclose all wrongful disclosures and inspections made by Defendant and the circumstances of each as

RFBLLP Defendant is in sole custody and control of such information and Plaintiff has no other means of obtaining such information.

61.    The unauthorized disclosures have proximately caused the Plaintiff significant actual, economic and special damages for which they bring suit.

62.    Any dissemination of Plaintiffs' confidential tax information was not affected pursuant to an appropriate grant of authority under 26 U.S.C. § 6103.

63.    Thus, the Defendants are liable for greater statutory or actual damages under § 7431.

64.    The Defendant is further liable to Plaintiff, due to its actions amounting to gross negligence, for punitive damages." Id. § 7431(c)(1).

65.    26 U.S.C. § 7431 also allows recovery of reasonable attorney's fees for which suit is brought and should Plaintiffs prevail.

## **DAMAGES**

66.    As a direct and/or proximate result of Defendant's wrongful conduct, the Plaintiff has suffered actual damages.

67.    The Plaintiff seeks actual damages against each Defendant, jointly and severally, to include economic and non-economic damages to the full extent allowed by law as established in 26 U.S.C. § 7431 to include: a) statutory penalties and interest; b) invasion of privacy; c) damage to credit rating and inability to utilize credit score; d) loss credit reputation; e) loss financial and economic opportunities;

15

f) actual damages suffered to business associated with loss credit rating; g) attorney's fees; h) court costs; i) inability to file state and or federal tax returns; j) business interference and reputation; k) personal affairs disruption and loss of reputation; l) mental anguish; and m) costs associated with repairing credit rating and information.

68.    The wrongful disclosure of the personal and private information of the Plaintiffs has further caused much anxiety, grief and mental anguish as it is not known and, in all probability, will never fully be known, who and how many criminals and others with ill intent, has Plaintiffs confidential information and where will Plaintiffs information be disseminated in the foreseeable future.

69.    The Plaintiff seeks recovery of the full court costs and reasonable attorney's fees in pursuing this action and as contemplated under 26 U.S.C. § 7431.

70.    The Plaintiff seeks punitive damages as a result of Defendant's gross negligence in the unauthorized disclosures.

## COUNT III – Against Defendants CFTAS and Tanoli
### (Unauthorized Disclosure/Inspection 26 U.S.C. § 7431)

71.    The Plaintiff reasserts the averments of paragraphs 1-29 as though fully set forth herein.

72.    The Defendants CFTAS and Tanoli retained the legal services of the RFPLLP, Miller, and Segal to enforce a non-compete agreement in the state court proceeding.

73.   CFTAS is the Plaintiff in the state proceeding.

74.   The Defendants CFTAS and Tanoli are seeking actual punitive damages against ALI in the state court proceeding. As means of determining the amount of punitive damages in the state court proceeding, the CFTAS defendants employed the services of RFBLLP to make certain discovery requests including privileged TRI produced by Ali during the scope of a non-compete agreement.

75.   On December 20, 2024, Defendant Miller received privileged TRI after requesting the privileged TRI from Defendant Bauta and LAWGICAL on behalf of CFTAS:

**From:** Meliza Miller <mmiller@rfbllp.com>
**Sent:** Friday, December 20, 2024 11:47 AM
**To:** Andrew Bauta <abauta@lawgicalinsight.com>; Michael Russo <mrusso@lawgicalinsight.com>
**Cc:** Richard I. Segal <rsegal@rfbllp.com>; Kathleen M. Shaw <kshaw@rfbllp.com>; Micayla Roth <MRoth@rfbllp.com>; anthonylegendre@live.com <anthonylegendre@live.com>; michael.paralegal.legendre@gmail.com <michael.paralegal.legendre@gmail.com>; vanessa.paralegal.legendre@gmail.com <vanessa.paralegal.legendre@gmail.com>; Angela Beasley <angie.beasley@jbrianphillipsesq.com>; Ashiqur Shubir <arshubir75@gmail.com>; Jason Brian Phillips, Esq. <jason@jbrianphillipsesq.com>
**Subject:** CFTAS v. Ali - Preliminary Forensic Report

Andrew,

Plaintiff is requesting the following information referenced in the Preliminary Forensic Report:

p. 31    - the full directory listing of the QuickBooks files located in the "E" drive
p. 36    - the full list of tax returns contained in the "Batch 2.zip" file
p. 36    - the full list of tax returns contained in the file "Printed Returns.7z"

Thank you,

Meliza Miller, Esq.
Attorney At Law
**Rottenstreich Farley Bronstein Fisher Potter Hodas LLP**
515 N Flagler Drive Suite 800
West Palm Beach, FL 33401
561-832-1005 – tel
mmiller@rfbllp.com

76.   CFTAS and Tanoli were not privileged to the TRI pursuant to an appropriate grant of authority under 26 U.S.C. § 6103.

77.     Notwithstanding, RFBLLP, in the scope of representation of CFTAS and Tanoli inspected and disclosed the Plaintiff's, and others similarly situated, privileged TRI in violation of 26 U.S.C. § 7431

78.     RFLLP's conduct in the scope of representation of CFTAS are considered as CFTAS and Tanoli's own actions.

## DAMAGES

79.     As a direct and/or proximate result of Defendant's wrongful conduct, the Plaintiff has suffered actual damages.

80.     The Plaintiff seeks actual damages against each Defendant, jointly and severally, to include economic and non-economic damages to the full extent allowed by law as established in 26 U.S.C. § 7431 to include: a) statutory penalties and interest; b) invasion of privacy; c) damage to credit rating and inability to utilize credit score; d) loss credit reputation; e) loss financial and economic opportunities; f) actual damages suffered to business associated with loss credit rating; g) attorney's fees; h) court costs; i) inability to file state and or federal tax returns; j) business interference and reputation; k) personal affairs disruption and loss of reputation; l) mental anguish; and m) costs associated with repairing credit rating and information.

81.     The wrongful disclosure of the personal and private information of the Plaintiffs has further caused much anxiety, grief and mental anguish as it is not known and, in all probability, will never fully be known, who and how many

criminals and others with ill intent, has Plaintiffs confidential information and where will Plaintiffs information be disseminated in the foreseeable future.

82.    The Plaintiff seeks recovery of the full court costs and reasonable attorney's fees in pursuing this action and as contemplated under 26 U.S.C. § 7431.

83.    The Plaintiff seeks punitive damages as a result of Defendant's gross negligence in the unauthorized disclosures.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a)  Certification of the case as a class action on behalf of the proposed Class;

b)  Designation of Plaintiff Ansari Mohamad as representatives of the Class they seek to represent;

c)  Designation of Plaintiff's Counsel of record as Class Counsel;

d)  A declaratory judgment that the practices complained of herein are unlawful and violate 26 U.S.C. § 6103;

e)  A preliminary and permanent injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that seek to inspect, disseminate, and disclose the Plaintiff confidential Taxpayer Tax Return Information.

f)  All damages sustained as a result of Defendants' conduct, including actual damages;

g)  Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

f) All damages sustained as a result of Defendants' conduct, including actual damages;

g) Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

h) Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

i) Pre-judgment and post-judgment interest, as provided by law; and

j) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

85. Plaintiffs demand a trial by jury in this action.

## VERIFICATION

I, ANSARI MOHAMAD, hereby declare under the penalty of perjury, that I have read the foregoing Verified Class Action Complaint and know the contents thereof and pursuant to U.S.C. 1746, I hereby verify and declare penalties of perjury that the foregoing is true and correct.

Executed on this 23rd day of December.

_Ansari Md_

Ansari Mohamad

Respectfully submitted,

**J. BRIAN PHILLIPS, P.A. ATTORNEY AT LAW**

/s/ Jason Brian Phillips, Esquire
Jason Brian Phillips, Esq.
Florida Bar No: 0089841
J. BRIAN PHILLIPS, P.A. Attorney at Law
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 493-7183
jason@jbrianphillipsesq.com
celina.reis@jbrianphillipsesq.com
Trial Counsel for the Plaintiff,
Ansari Mohamad