UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD,

    Plaintiff,

v.                                                                                      Case No: 6:24-cv-2354-JSS-LHP

CENTRAL FLORIDA TAX AND
ACCOUNTING SERVICES, INC.,
ANEES AHMAD TANOLI,
LAWGICAL INSIGHT, LLC,
ANDREW BAUTA, MICHAEL
RUSSO, ROTTENSTREICH FARLEY
BRONSTEIN FISHER POTTER
HODAS LLP, MELIZA MILLER, and
RICHARD I. SEGAL,

    Defendants.
_____/

## ORDER

Plaintiff has filed a verified class action complaint (Dkt. 1) and an emergency motion for a temporary restraining order (TRO) and preliminary injunction (Dkt. 2). For the reasons outlined below, the court denies the motion.

## BACKGROUND

Defendant Central Florida Tax and Accounting Services, Inc. (CFTAS) has sued non-party Akbar A. Ali, who does business as A.A. Ali C.P.A., and other non-parties in state court alleging the breach of a non-competition agreement and other business-related misconduct. (Dkt. 1 ¶¶ 1, 72–74; *accord id.* at 2 n.1.) Defendant Anees Ahmad Tanoli is "a licensed C.P.A. doing business as CFTAS." (*Id.* ¶ 18.) Defendant

Rottenstreich Farley Bronstein Fisher Potter Hodas LLP (RFB LLP) is a law firm representing CFTAS in state court. (*Id.* ¶¶ 14, 72–74; *accord id.* at 2 n.1.) Defendants Meliza Miller and Richard I. Segal work as attorneys for RFB LLP. (*Id.* ¶¶ 15–16.) Defendant Lawgical Insight, LLC is an electronic discovery company that has acted as a forensic examiner in state court. (*Id.* ¶¶ 11, 75; Dkt. 1-1 ¶ 1.) Defendants Michael Russo and Andrew Bauta are Lawgical's Chief Executive Officer and Chief Operating Officer, respectively. (Dkt. 1 ¶¶ 12–13.) Plaintiff, Ansari Mohamad, is one of Ali's former clients. (*Id.* ¶ 10.) He sues on behalf of himself and "others similarly situated who are present and former clients" of Ali. (*Id.* ¶ 1.)

As part of the discovery in the state court proceeding, the state court required a third party to conduct a forensic examination of Ali's computer files. (Dkt. 1-1 at 1.) The parties in the proceeding agreed that Lawgical would conduct the examination. (*Id.* ¶ 1.) They also agreed on the "parameters and search protocols" for the examination. (*Id.* at 1–2.) Pursuant to an Agreed Order Regarding Forensic Examination, Ali would provide Lawgical with "all computers and other electronic storage devices" used by the defendants in the state court proceeding "since April 1, 2019[,] through the present," and Lawgical would create a "forensic mirror[ ]image of the[] devices" and search the mirror image for, among other things, "all tax filings, including returns and extensions, prepared and/or submitted by [Ali], and any documents, records, and data relating to such filings created on or after April 8, 2019," in order to "create [a] forensic production to be provided to the [p]arties." (*Id.* at 1–6 & n.1.) According to the complaint, Lawgical has already "harvested and/or

inspected" tax return information including "over 17,000 files and 100,000 pages." (Dkt. 1 ¶ 27.) Plaintiff alleges that Defendants violated 26 U.S.C. § 6103 by inspecting and disclosing his and others' tax return information without authorization and that Defendants are thus liable under 26 U.S.C. § 7431. (Dkt. 1 at 9–19.) Plaintiff seeks monetary, declaratory, and injunctive relief. (*Id.* at 19–20.)

## APPLICABLE STANDARDS

A TRO or preliminary injunction "is appropriate only if the movant demonstrates . . . '(1) a substantial likelihood of success on the merits[,] (2) that the preliminary injunction is necessary to prevent irreparable injury[,] (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant[s,] and (4) that the preliminary injunction would not be averse to the public interest.'" *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (quoting *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014)). A TRO or preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." *Wall v. Ctrs. for Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021) (alteration adopted and quotations omitted); *accord Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) ("The issuance of a [TRO] or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances.").

## ANALYSIS

Plaintiff seeks to enjoin Defendants "from inspecting, disseminating, [or] transmitting any return or return information with respect to the unlawful disclosure of Plaintiff's private tax return(s)." (Dkt. 2 at 14.) Having carefully considered the record in this case, the court concludes that Plaintiff is not entitled to a TRO or preliminary injunction because he has not carried his burden of persuasion as to the third requirement. *See Wellons*, 754 F.3d at 1263; *Wall*, 543 F. Supp. 3d at 1292. Plaintiff contends that the harm to him if a TRO or preliminary injunction does not issue outweighs the harm to Defendants if they are enjoined because "Defendants will simply be precluded from enforcing a patently unlawful discovery order entered by the [state] court." (Dkt. 2 at 13.) Plaintiff asserts that issuance of injunctive relief "will not harm Defendants" and that Defendants "will suffer no hardships." (*Id.*) This argument is not persuasive.

CFTAS and Tanoli, through RFB LLP, Miller, and Segal, are conducting discovery in the state court proceeding with the help of Lawgical, Russo, and Bauta pursuant to orders issued by the state court. (*E.g.*, Dkt. 1-1.) This discovery is presumably calculated to allow CFTAS to prosecute its claims against Ali and the other defendants in the state court proceeding. *See Genovese v. Provident Life & Accident Ins. Co.*, 74 So. 3d 1064, 1068 (Fla. 2011) ("Part of the purpose of discovery is to 'provide each party with all available sources of proof as early as possible to facilitate trial preparation.'" (quoting *Dodson v. Persell*, 390 So. 2d 704, 706 (Fla. 1980))). Although issuance of a TRO or preliminary injunction will likely impede the efforts to

obtain discovery and thus to prosecute the claims, Plaintiff does not address this potential harm at all. (*See* Dkt. 2 at 13.) Therefore, the court denies Plaintiff's motion seeking entry of a TRO or preliminary injunction. *See Golden Rule Fasteners, Inc. v. Deks N. Am., Inc.*, No. 2:16-CV-289-WKW, 2016 U.S. Dist. LEXIS 54547, at *3–4 (M.D. Ala. Apr. 25, 2016) (denying the plaintiff's motion for a TRO when the plaintiff "fail[ed] to address the magnitude of th[e] potential harm to [the defendant] and the way [the potential harm] factor[ed] into th[e] equitable calculus"); *cf. Guice v. Postmaster Gen.*, No. 8:15-cv-2846-T-36MAP, 2016 U.S. Dist. LEXIS 197416, at *4–5 (M.D. Fla. June 10, 2016) (denying the plaintiff's motion for a TRO when the plaintiff "wholly failed to address . . . the potential harm that might be caused to [the d]efendant if the [TRO] were issued").

## CONCLUSION

Accordingly:

1. Plaintiff's emergency motion (Dkt. 2) is **DENIED**.
2. As immediately as practicable, Plaintiff shall comply with Local Rule 6.01(c) and shall also serve Defendants with this order.

**ORDERED** in Orlando, Florida, on January 6, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties