UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD,

      Plaintiff,

v.                                  Case No: 6:24-cv-2354-JSS-LHP

CENTRAL FLORIDA TAX AND
ACCOUNTING SERVICES, INC.,
ANEES AHMAD TANOLI,
LAWGICAL INSIGHT, LLC,
ANDREW BAUTA, MICHAEL
RUSSO, ROTTENSTREICH FARLEY
BRONSTEIN FISHER POTTER
HODAS LLP, MELIZA MILLER, and
RICHARD I. SEGAL,

      Defendants.
_____/

## ORDER

Plaintiff has filed a verified class action complaint (Dkt. 1) and an emergency motion for a temporary restraining order (TRO) and preliminary injunction (Dkt. 11). For the reasons outlined below, the court denies the motion.

## BACKGROUND

Defendant Central Florida Tax and Accounting Services, Inc. (CFTAS) has sued non-party Akbar A. Ali, who does business as A.A. Ali C.P.A., and other non-parties in state court alleging the breach of a non-competition agreement and other business-related misconduct. (Dkt. 1 ¶¶ 1, 72–74; *accord id.* at 2 n.1.) Defendant Anees Ahmad Tanoli is "a licensed C.P.A. doing business as CFTAS." (*Id.* ¶ 18.) Defendant

Rottenstreich Farley Bronstein Fisher Potter Hodas LLP (RFB LLP) is a law firm representing CFTAS in state court. (*Id.* ¶¶ 14, 72–74; *accord id.* at 2 n.1.) Defendants Meliza Miller and Richard I. Segal work as attorneys for RFB LLP. (*Id.* ¶¶ 15–16.) Defendant Lawgical Insight, LLC is an electronic discovery company that has acted as a forensic examiner in state court. (*Id.* ¶¶ 11, 75; Dkt. 1-1 ¶ 1.) Defendants Michael Russo and Andrew Bauta are Lawgical's Chief Executive Officer and Chief Operating Officer, respectively. (Dkt. 1 ¶¶ 12–13.) Plaintiff, Ansari Mohamad, is one of Ali's former clients. (*Id.* ¶ 10.) He sues on behalf of himself and "others similarly situated who are present and former clients" of Ali. (*Id.* ¶ 1.)

As part of the discovery in the state court proceeding, the state court required a third party to conduct a forensic examination of Ali's computer files. (Dkt. 1-1 at 1.) The parties in the proceeding agreed that Lawgical would conduct the examination. (*Id.* ¶ 1.) They also agreed on the "parameters and search protocols" for the examination. (*Id.* at 1–2.) Pursuant to an Agreed Order Regarding Forensic Examination, Ali would provide Lawgical with "all computers and other electronic storage devices" used by the defendants in the state court proceeding "since April 1, 2019[,] through the present," and Lawgical would create a "forensic mirror[ ]image of the[] devices" and search the mirror image for, among other things, "all tax filings, including returns and extensions, prepared and/or submitted by [Ali], and any documents, records, and data relating to such filings created on or after April 8, 2019," in order to "create [a] forensic production to be provided to the [p]arties." (*Id.* at 1–6 & n.1.) According to the complaint, Lawgical has already "harvested and/or

inspected" tax return information including "over 17,000 files and 100,000 pages." (Dkt. 1 ¶ 27.)  Plaintiff alleges that Defendants violated 26 U.S.C. § 6103(a)(3) by inspecting and disclosing his and others' tax return information without authorization and that Defendants are thus liable under 26 U.S.C. § 7431(a)(2).  (Dkt. 1 at 9–19.) Plaintiff seeks monetary, declaratory, and injunctive relief.  (*Id.* at 19–20.)

## APPLICABLE STANDARDS

A TRO or preliminary injunction "is appropriate only if the movant demonstrates . . . '(1) a substantial likelihood of success on the merits[,] (2) that the [TRO or] preliminary injunction is necessary to prevent irreparable injury[,] (3) that the threatened injury outweighs the harm the [TRO or] preliminary injunction would cause the other litigant[s,] and (4) that the [TRO or] preliminary injunction would not be averse to the public interest.'"  *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (quoting *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014)); *accord* M.D. Fla. R. 6.01(b).  A TRO or preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites."  *Wall v. Ctrs. for Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021) (alteration adopted and quotations omitted); *accord Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) ("The issuance of a [TRO] or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances.").

## ANALYSIS

Plaintiff seeks to enjoin Defendants "from inspecting, disseminating, [or] transmitting any return or return information with respect to the unlawful disclosure of his private tax return(s)." (Dkt. 11 at 26.) Having carefully considered the record in this case, the court concludes that Plaintiff is not entitled to a TRO or preliminary injunction because he has not carried his burden of persuasion as to the first requirement. *See Wellons*, 754 F.3d at 1263; *Wall*, 543 F. Supp. 3d at 1292.

The court does not find Plaintiff's arguments about his likelihood of success on the merits to be persuasive because Plaintiff does not explain how Defendants have violated 26 U.S.C. § 6103(a)(3). (*See* Dkt. 11 at 10–12.) By its own terms, section 6103(a)(3) applies to a person "who has or had access to returns or return information under" specific provisions of that section: "subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (10), (12), (13) (other than subparagraphs (D)(v) and (D) (vi) thereof), (16), (19), (20), or (21) of subsection (*l*), paragraph (2) or (4)(B) of subsection (m), or subsection (n)." 26 U.S.C. § 6103(a)(3); *see Johnson v. Sawyer*, 980 F.2d 1490, 1499 (5th Cir. 1992) ("[S]ubsection (3) of [section] 6103(a) prohibits disclosure by any person—no mention whatsoever of governmental employment or affiliation at any level—who has access to returns or return information *under the aegis of* various other subsections of [section] 6103." (emphasis added)), *vacated on other grounds*, 47 F.3d 716 (5th Cir. 1995).

In his motion, Plaintiff does not identify the specific provision under which each Defendant "has or had access to returns or return information," 26 U.S.C.

§ 6103(a)(3), and thus, he does not explain why that provision applies to that Defendant. (*See* Dkt. 11.) Instead, he lists all the provisions mentioned in section 6103(a)(3). (*Id.* at 4.) He does the same in his verified complaint. (Dkt. 1 ¶¶ 36, 54.) It is not clear from the record that any of the provisions apply to any Defendant. Therefore, the court denies Plaintiff's motion seeking entry of a TRO or preliminary injunction. *See Church of Iron Oak ATC v. City of Palm Bay*, 868 F. Supp. 1361, 1362 (M.D. Fla. 1994) (denying a motion for TRO absent "sufficient evidence in the record to support a substantial likelihood of success"); *see also Ndimbie v. Cregan*, No. 11-60395-CIV-DIMITROULEAS, 2011 U.S. Dist. LEXIS 169371, at *19 (S.D. Fla. Mar. 22, 2011) (denying the plaintiff's motion for preliminary injunctive relief because the plaintiff "failed to demonstrate a substantial likelihood of success on the merits").

## CONCLUSION

Accordingly:

1. Plaintiff's emergency motion (Dkt. 11) is **DENIED**.

2. As immediately as practicable, Plaintiff shall comply with Local Rule 6.01(c) and shall also serve Defendants with this order.

   **ORDERED** in Orlando, Florida, on January 17, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties