UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD,

      Plaintiffs,                Case No.: 6:24-cv-02354-JSS-LHP

v.

LAWGICAL INSIGHT, LLC, et al.

      Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO ADD PLAINTIFFS WITH MEMORANDUM OF LAW IN SUPPORT**

The Plaintiff, ANSARI MOHAMAD, pursuant to Fed. R. Civ. P. 15 and Local Rule 3.01, move the Court for leave to amend the Amended Class Action Complaint ("FAC") (Doc. 22) to add Plaintiffs similarly situated to existing Plaintiff, and to and to address any alleged deficiencies in the FAC that arise from the same facts already pleaded. The proposed Second Amended Complaint is attached hereto as Exhibit A.

**MEMORANDUM OF LAW IN SUPPORT**

"A party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(b). But Rule 15 specifically contemplates that "[t]he court should freely grant leave when justice so requires." *Id*. Here,

1

Plaintiffs seek only to add Plaintiffs who, like existing Plaintiff, are all similarly situated taxpayers that employed Accountant Ali to prepare their tax returns from at least 2019 to the present. No party will be prejudiced by the Court's granting leave to file the proposed amended complaint, as this is Plaintiffs' first request for leave to amend, the proposed additional parties and claims are closely related to the parties and claims already before the Court, and the motion is filed prior to each of the Defendants being served and the deadline to seek leave of Court to amend pleadings and add parties.

## I.  LEAVE TO AMEND SHOULD BE LIBERALLY GRANTED.

"Leave to amend should be liberally granted when necessary in the interests of justice." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). As the Supreme Court has recognized, Rule 15's "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* And, "the rule in this circuit" is that "a plaintiff *must* be given at least one chance to amend the complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (emphasis added); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (same); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598

(5th Cir. 1981) (holding Rule 15 "evinces a bias in favor of granting leave to amend"). Thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy*, 660 F.2d at 598. It is an abuse of discretion for a district court to deny leave to amend where no substantial factor necessitates such a finding. *See, e.g.*, *Bryant*, 252 F.3d at 1163–65; *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1258 (11th Cir. 1998); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

**I. THERE HAS BEEN NO DELAY OR BAD FAITH ON THE PART OF PLAINTIFF PRIOR TO SEEKING LEAVE TO AMEND, AND NO PARTY WILL BE PREJUDICED BY PERMITTING PLAINTIFFS LEAVE TO AMEND.**

Because leave to amend should be liberally granted, there are limited circumstances under which a party may be denied leave to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility." *Forman*, 371 U.S. at 182; *see also In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (same). No such factors are present in the instant Motion.

The Plaintiff files this motion a week since the Lawyer Defendants filed their Rule 11 motion against the undersigned and the Plaintiff based on the claims set forth in the FAC. The Lawyer Defendants seem to use their Rule 11 motion to improperly challenge the Plaintiffs pleadings by using their arguments for sanctions that essentially restate their arguments for dismissal of the claims pursuant to Rule 12(b)(6). Under such circumstances, there can be no showing of undue delay or dilatory tactics on the part of Plaintiff. *See Tampa Bay Water v. HDR Eng'r, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."). Moreover, as this is Plaintiff's first request for leave to amend, there cannot be a showing that Plaintiffs seek to amend after repeated failure to cure any alleged deficiencies. *See Bryant*, 252 F.3d at 1164.

**A. The Plaintiff Seeks to Cure Alleged Pleading Defects in FAC.**

The proposed amendments aim to address alleged deficiencies in the First Amended Complaint (FAC). Specifically, the Plaintiff has attached an Exhibit to the proposed amendment, which includes a copy of the Preliminary Report of Forensic Examination of the Defendant's Digital

4

Footprint (hereinafter referred to as "the Report"), prepared by the Lawgical Defendants. This Report was submitted in the state court action by the Lawyer Defendants. It offers a thorough analysis of how the Lawgical Defendants circumvented the parameters of the "agreed order" and exceed authorization by utilizing Accountant Ali's passwords to establish a "global administrator account" (lawgical@aaalicpa.com) and to create "permissions" that allowed "real time" navigation of Accountant Ali's Microsoft Office 365 account. Refer to the proposed Second Amended Complaint at ¶¶ 39-40. Based on this information, the Court can reasonably infer that the Defendants have intercepted, or attempted to intercept, contemporaneously with the transmission, electronic communications that contain confidential Tax Return Information (TRI). This includes, but is not limited to, accessing email servers to intercept contemporaneous with transmission the Plaintiffs' electronic communications with Accountant Ali, which encompass discussions regarding tax filings, such as return information, tax return details, extensions, and any supporting documentation, including banking account statements, credit reports, health care statements, child and daycare statements, and estate planning documents. For additional context, see the proposed Second Amended Complaint at paragraphs 34-36.

Next, the proposed Second Amended Complaint also shores up the Plaintiff's claim of violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). Specifically, the Federal Trade The FTC has determined that the following practices related to the misuse of information are deceptive or unfair and are unlawful under Section 5(a)(1) of the Federal Trade Commission Act:

> It is an unfair or deceptive trade practice to use information collected in a context where an individual reasonably expects that such information will remain confidential ("Confidential Context") for any purpose not explicitly requested by the individual unless the individual first provides affirmative express consent for such use.
>
> a) It is an unfair or deceptive trade practice to use information collected in a Confidential Context to obtain a financial benefit that is separate from the benefit generated from providing the product or service requested by the individual unless the individual first provides affirmative express consent for such use.
>
> b) It is an unfair or deceptive trade practice to use information collected in a Confidential Context to advertise, sell, or promote products or services unless the individual first provides affirmative express consent for such use.

As set forth in the proposed Second Amended Complaint, the Defendants each used taxpayer information to obtain a financial benefit for

financial gain not requested by the Plaintiff and without the express consent of the Plaintiff. *See* ¶¶ 175-180 of the proposed Second Amended Complaint.

Finally, Count VI in the FAC is not included in the proposed Second Amended Complaint – Violation of Privacy Rights under the Florida Constitutions as this cause of action only applies to state actors.  Count VIII – Declaratory Relief is not included in the proposed Second Amended Complaint. In Count VIII of the FAC, the Plaintiff asks for temporary and permanent injunctions pursuant to 18 U.S.C. § 2520(b) requiring Defendants to (i) cease using and disclosing the allegedly illegally obtained information and (ii) preserve material evidence. 18 U.S.C. § 2520(b) provides the remedies courts are authorized to grant in a civil action for violations of the federal wiretapping act; it does not provide for a separate cause of action. However, the Plaintiff reserves the right file a separate motion requesting that relief.

### B. Rule 20(a): Permissive Joinder

The Plaintiff seeks to add Shameena Mohamad, his spouse, and Zebeeda Mohamad, the daughter of Ansari and Shameena Mohamad. Federal Rule of Civil Procedure 20(a), which governs permissive joinder, provides in pertinent part that "[a]ll persons may join in one action as

7

plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). Thus, when deciding whether parties were properly joined under Rule 20(a), courts consider two factors: (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to the plaintiffs. *See id*. The goal of the commonality requirement under Rule 20(a) is to promote fairness and judicial economy. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 1652-53 (2007). Therefore, joinder of parties is strongly encouraged. *See, e.g., Blum v. General Elec. Co.*, 547 F. Supp.2d 717, 722 (W.D. Tex. 2008).

There is no evidence of undue prejudice against the Defendants, as the proposed joinder includes Plaintiffs whose claims are identical to those already articulated in the First Amended Complaint (FAC). The additional Plaintiffs seek the same relief based on the claims previously outlined in the FAC. Specifically, Shameena Mohamad and Zebeeda Mohamed engaged Accountant Ali to prepare their respective tax returns from at least 2019 to

8

the present. Both Mohamad and Zebeeda provided Accountant Ali with taxpayer information, which may include bank account statements, credit reports, healthcare statements, child and daycare records, and estate planning documents. The supporting documents submitted to Accountant Ali were subject to unlawful use and disclosure, as alleged in the FAC. Having met the above requirements, the proposed Plaintiffs should be properly joined under Rule 20, which allows for permissive joinder.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed amended complaint.

## Local Rule 3.01(g) Certification

The undersigned certifies that the Plaintiff has provided a copy of this Motion to the Counsel for the Defendants for their review and has conferred with the Defendant's counsel representing both the Lawyer Defendants and the Lawgical Defendants, who respectively oppose this Motion.

Dated: April 24, 2025

Respectfully submitted,

**J. BRIAN PHILLIPS, P.A. ATTORNEY AT LAW**

/s/ Jason Brian Phillips, Esquire

Jason Brian Phillips, Esq.
Florida Bar No: 0089841
J. BRIAN PHILLIPS, P.A. Attorney at Law
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 493-7183
jason@jbrianphillipsesq.com
celina.reis@jbrianphillipsesq.com
Attorney for the Plaintiff, Ansari Mohamad

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2025, a copy of the foregoing is being served upon all counsel of record by CM/ECF.

/s/ Jason Brian Phillips, Esquire
Jason Brian Phillips, Esq.
Florida Bar No: 0089841