## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
## Case 6:24-cv-02354-JSS-LHP

ANSARI MOHAMAD, on behalf of himself
and others similarly situated,

      Plaintiffs,

v.

CENTRAL FLORIDA TAX AND
ACCOUNTING, INC., ANEES AHMAD
TANOLI, LAWGICAL INSIGHT, LLC,
ANDREW BAUTA, MICHAEL RUSSO,
ROTTENSTREICH FARLEY BRONSTEIN
FISHER POTTER HODAS LLP, MELIZA
MILLER, RICHARD I. SEGAL,

      Defendants.

_____/

### DEFENDANTS ROTTENSTREICH FARLEY BRONSTEIN FISHER POTTER HODAS LLP, MELIZA MILLER, RICHARD I. SEGAL, LAWGICAL INSIGHT, LLC, ANDREW BAUTA, AND MICHAEL RUSSO'S JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendants Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, Meliza Miller, Richard I. Segal, Lawgical Insight, LLC, Andrew Bauta, and Michael Russo (collectively, "Defendants"), hereby jointly respond in opposition to Plaintiff, Ansari Mohamad's ("Plaintiff") Motion for Leave to Amend Complaint and to Add Plaintiffs with Memorandum of Law in Support (ECF No. 53) ("Motion for Leave"), and in support thereof, state as follows:

## SUMMARY OF ARGUMENT

Defendants Rottenstreich Farley Bronstein Fisher Potter Hodas LLP ("Firm"), Meliza Miller ("Miller"), and Richard I. Segal ("Segal") (collectively, "Lawyer Defendants") are a law firm and two lawyers who represent Central Florida Tax and Accounting, Inc. ("CFTAS") in the case styled, *Central Florida Tax and Accounting Services v. Akbar A. Ali, et al.*, Case No. 2021-CA-011761, in the Circuit Court in and for Orange County, Florida ("State Court Action"). *See* proposed First Am. Compl. ("FAC") (ECF No. 22), ¶¶ 4-11, 59-62. In the State Court Action, the trial court entered an Agreed Order Regarding Forensic Examination wherein the parties agreed to retain a forensic examiner to examine Akbar A. Ali's ("Ali") computer systems and cell phone pursuant to certain search protocols. *See* FAC ¶ 10. In this action, Plaintiff asserts that, at the direction of the Lawyer Defendants and CFTAS, Lawgical Insight, LLC ("Lawgical"), an eDiscovery, computer forensics, data analysis, and case management company, collected "a forensic mirror image of Accountant Ali's computers and cell phones" pursuant to the Agreed Order Regarding Forensic Examination entered in the State Court Action. *See* FAC ¶¶ 7-8, 31, 56. Plaintiff asserts the Agreed Order Regarding Forensic Examination resulted in the alleged unlawful disclosure of Plaintiff's tax return information, as well as the information of others who are similarly situated, without their permission in violation of federal and state law, including the Electronic Communications Privacy

2

Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510 et seq., the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq., the Florida Security of Communications Act ("FSCA"), § 943.03, Fla. Stat. et seq., an invasion upon Plaintiff's right to seclusion, an invasion of Plaintiff's right to privacy under the Florida Constitution, a violation of the Florida Deceptive and Unfair Trade Practices Action ("FDUPTA"), and declaratory and injunctive relief. *See* FAC ¶¶ 7-8, 11, 31, 56, 78, 149-174.

After two iterations of the complaint (ECF Nos. 1 and 22) and facing a Rule 11 motion for sanctions (ECF No. 51), Plaintiff now seeks leave to file a third version of the complaint in this action. ECF No. 53. However, upon review of Plaintiff's Motion for Leave and the proposed Second Amended Complaint ("SAC") (ECF No. 53-1), this Court should deny Plaintiff's Motion for Leave because:

(1) **Granting leave to amend would be futile as the proposed causes of action in the SAC as amended would still be properly dismissed**. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed....")

(2) **The SAC is prejudicial to the Defendants**. *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, PLC, 421 F.3d 1227, 1236 (11th Cir. 2005) ("Andrx's undue delay in moving for leave to amend, its attempt to inject a new theory of recovery, and its failure to show that justice required the grant of its motion demonstrate that the district court did not clearly abuse its discretion in denying Andrx's motion for leave to amend.").

Accordingly, for the reasons set forth herein, the Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Leave.

## MEMORANDUM OF LAW

### I.    Legal Standard

"A party may amend its pleading once as a matter of course" within 21 days after serving it, or after the earlier of service of any responsive pleading or service of a Fed. R. Civ. P. 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2).

Under Rule 15, the district court must "freely give leave to amend unless there is an 'apparent or declared reason' to do otherwise;" such reasons can include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *See Novo Nordisk, Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB, 2024 WL 3345334, at *1 (M.D. Fla. July 9, 2024) (citation omitted).

Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoted authority omitted).

## II.    Plaintiff's Proposed SAC is Futile

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. The district court, however, need not 'allow an amendment ... where amendment would be futile.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (citation omitted) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed...." *Cockrell*, 510 F.3d at 1310.

Here, Defendants acknowledge that Plaintiff's Motion is timely pursuant to this Court's Case Management and Scheduling Order (ECF No. 41). Notwithstanding, this Court should deny Plaintiff's Motion because granting Plaintiff leave to amend would be futile, as the proposed SAC as amended would still be properly dismissed. *Cockrell*, 510 F.3d at 1310.

### A. The Good Faith Reliance Defense Bars Counts I, II, and IV

Granting leave to amend would be futile because the SAC's claims for violation of the ECPA (Count I), violation of the SCA (Count II), and violation of the FSCA (Count IV) are barred by the good faith reliance defense. Specifically, good faith reliance on a court order is a complete defense against actions brought under the ECPA, SCA, and FSCA. 18 U.S.C. §§ 2520(d)(1), 2707(e); Fla. Stat. § 934.10(2)(a), 2(c).

The ECPA creates a private cause of action against a person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a); *id.* § 2520(a) (creating private cause of action). The SCA creates a civil cause of action against anyone who "intentionally accesses without authorization a facility through which an electronic communication service is provided ... and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a)(1); id. § 2707(a) (creating private cause of action). The FSCA is the Florida counterpart to ECPA. *See Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. 4th DCA 2010).

Both the ECPA and the SCA state that "a good faith reliance on--(1) a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization . . . is a complete defense against any civil or criminal action brought under this chapter or any other law." 18 U.S.C. § 2520(d); 18 U.S.C. § 2707(e) (emphasis added). Both exceptions are nearly identical. The only difference is that 18 U.S.C. § 2707(e) contains additional language that reads "a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization (including a request of a governmental entity under section 2703(f) of this title)." 18 U.S.C. § 2707(e).

Similarly, the good faith reliance exception under the FSCA states "[a] good faith reliance on: (a) A court order, subpoena, or legislative authorization as provided in ss. 934.03-934.09 . . . or (c) A good faith determination that Florida or federal law, other than 18 U.S.C. s. 2511(2)(d), permitted the conduct complained of shall constitute a complete defense to any civil or criminal, or administrative action arising out of such conduct under the laws of this state." *See* Fla. Stat. § 934.10(2)(a), 2(c).

Here, the following facts in the proposed SAC's allegations demonstrate the futility of the SAC based upon the applicability of the good faith reliance defense:

- CFTAS alleged Ali breached a non-compete agreement in the State Court Action. *See* SAC ¶ 6.

- The Lawyer Defendants represented CFTAS in the State Court Action. *See* SAC ¶¶ 4, 69-71.

- On April 18, 2024, the trial court in the State Court Action entered an Agreed Order on Forensic Examination of Ali's computers system. *See* SAC ¶ 7.

- The Agreed Order on Forensic Examination sets forth the agreed upon scope and search of Ali's computers system as agreed upon by Ali and CFTAS. *See* SAC ¶ 8.

- After Ali failed to comply, Defendant CFTAS filed an Amended Motion to Compel Accountant Ali's compliance with the Agreed Order Regarding Forensic Examination and Motion for Sanctions. *See* SAC ¶ 15.

- On December 27, 2024, the trial court in the State Court Action granted Defendant CFTAS's Amended Motion to Compel Accountant and

reiterated and restated its April 18, 2024, Agreed Order on Forensic Examination. *See* SAC ¶ 16.

The forensic examination was undertaken by Lawgical, LLC and a Preliminary Report of Forensic Examination of Defendant's Digital Footprint was generated. *See* SAC at Ex. A.

Plaintiff's allegations regarding the supposed failure of Ali's counsel to assess the case's e-discovery needs, among other failures on the part of his counsel, is a poor last-ditch effort to try and salvage his ECPA, SCA, and FSCA claims. The Lawyer Defendants and Ali's prior counsel were acting pursuant to the trial court's two prior orders which directed the parties to present a proposed agreed order on the forensic examination. Both of the trial court's orders contained the following identical language:

> Within thirty (30) days of this Order, the parties shall submit a proposed order setting forth the agreed upon parameters and search protocols for the Forensic Examiner to protect against disclosure of privileged or irrelevant information. If the parties are unable to agree on scope of the forensic examination or any other issues, the parties may file a motion for the Court's consideration.

*See* March 18, 2024, Order on Plaintiff's Omnibus Motion to Compel, and March 18, 2024, Order on Plaintiff's Motion to Compel Compliance With Court Order, for Sanctions and an Adverse Inference at Trial, attached as Exhibits "A" and "B." Ali never filed a motion seeking to address the scope of the forensic examination. Instead, Ali, through his counsel, entered into the Agreed Order. Plaintiff is fully

aware of the facts that support the good faith reliance defense, as Plaintiff's counsel is also counsel for Ali in the State Court Action.[1]

Accordingly, Counts I, II, and IV of the SAC are futile as the Defendants are entitled to absolute immunity pursuant to the plain language of the good faith defense found in 18 U.S.C. § 2520(d)(1), 18 U.S.C. § 2703(e)(1), and Fla. Stat. § 934.10(2)(a), 2(c).

## B. The Litigation Privilege Bars Counts IV, V, and VII[2]

As to Count IV for violation of the FSCA, Count V for Invasion of Privacy, and Count VII for violation of Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Plaintiff's proposed SAC is futile because, on the face of the complaint, the allegations affirmatively and clearly show the conclusive applicability of the Florida litigation privilege.

The Florida litigation privilege "affords absolute immunity for acts occurring during the course of judicial proceedings." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004). While the litigation privilege is an affirmative

---

[1] The record in this action also demonstrates the futility and frivolity of this entire action. On January 6, 2025, this Court entered an Order denying Plaintiff's emergency motion for a temporary restraining order (ECF No. 6). On January 17, 2025, the Court entered another order denying Plaintiff's second emergency motion for a temporary restraining order (ECF No. 17). Plaintiff quickly abandoned all of the claims asserted in the initial complaint as they were meritless.

[2] There is no Count VI in the proposed SAC.

defense, it "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Id.* at 1277 (quotation marks and citation omitted). Under Florida law, the litigation privilege applies to "all causes of action, whether for common-law torts or statutory violations." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).

Here, upon review of the proposed SAC, Count IV, Count V, and Count VII each are futile because these claims arise solely out of acts occurring during the course of a judicial proceeding—*i.e.*, the Lawyer Defendants' representation of CFTAS, and the Lawgical Defendants' performance of the examination itself, in the State Court Action in connection with obtaining and the performance of the forensic examination pursuant to the Agreed Order on Forensic Examination. *See* SAC, ¶ 1-16, 32-90. As a result, Florida's litigation privilege acts as an absolute immunity to the Defendants' conduct in the State Court Action and, as such, the FAC's state law claims in Counts IV, V, and VII against the Defendants are futile. *See Williams v. Carney*, 157 Fed App'x 103, 107-08 (11th Cir. 2005) (the litigation "privilege bars tort claims based on counsel's conduct during the course of litigation."); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)) (applying the litigation privilege to "all causes of action, whether for common-law torts or statutory violations").

### C. Count VII - Florida Deceptive and Unfair Trade Practices Act

Additionally, Plaintiff's Motion asserts that "the proposed Second Amended Complaint also shores up the Plaintiff's claim of violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")." *See* Mot., p. 6. Specifically, the Motion asserts that the proposed SAC adds allegations that "Defendants used taxpayer information to obtain a financial benefit for financial gain not required by the Plaintiff and without the express consent of the Plaintiff." *See Id.* at p. 7.

Here, the proposed SAC is futile because the Lawyer Defendants pursuit of legal remedies on behalf of CFTAS (*i.e.*, obtaining the Agreed Order for Forensic Examination to conduct an extraction of Ali's computer systems) in the State Court Action is <u>not</u> "trade or commerce" under FDUPTA. *See Baker v. Baptist Hosp., Inc.*, 115 So. 3d 1123, 1125 (Fla. 1st DCA 2013) ("pursuit of legal remedies does not fall within the definition of 'trade or commerce"); *Office of Atty. Gen. v. Shapiro & Fishman, LLP*, 59 So.3d 353 (Fla. 4th DCA 2011) (finding law firm allegedly fabricating false documents for use in foreclosure cases was not engaged in trade or commerce for purposes of FDUTPA); *Drummond v. Zimmerman*, 454 F. Supp. 3d 1210, 1220 (S.D. Fla. 2020) (holding legal services are not trade or commerce).

Notably, Plaintiff's proposed SAC does not contain any claim that the Lawyer Defendants operate a competing business in trade or commerce. *See* ¶¶ 175-180 of

the proposed Second Amended Complaint. Similarly, there are no allegations to support the Lawyer Defendants' conduct was commercial. *Id.*

Rather, the allegations of unauthorized access, collection, and use of Plaintiff's financial information all stem from the Lawyer Defendants obtaining the Agreed Order for Forensic Examination on behalf of CFTAS to conduct an extraction of Ali's computer systems in the State Court Action, and the Lawgical Defendants' actions in carrying out the terms of the Agreed Order for Forensic Examination. *Id.* What Plaintiff's proposed SAC asserts is that the Lawyer Defendants engaged in the practice of law and pursued legal remedies on behalf of the Lawyer Defendants' client, not trade or commerce. *Kurlander*, 2019 WL 3944338, at *8 ("[C]onduct by a law firm or lawyers during the provision of legal services is not 'trade or commerce.'"). As such, FDUPTA does not apply in this context and, as such, Plaintiff's attempt to assert FDUPTA as a cause of action in the SAC is futile.

Moreover, Plaintiff has done nothing to address his failure to allege that he has suffered any actual damages under FDUTPA. Instead, Plaintiff only alleges that he has suffered economic damages, which are not recoverable under the statute. There are only two possible ways to measure actual damages under FDUTPA: (1) the value between what was promised and what was delivered; or (2) the total price paid for a valueless good or service. *See HRCC, Ltd. v. Hard Rock Cafe Int'l (USA),*

*Inc.*, 302 F. Supp. 3d 1319, 1323 (M.D. Fla. 2016), *aff'd*, 703 F. App'x 814 (11th Cir. 2017) (citation omitted). Actual damages do not include special or consequential damages. *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d DCA 2010) (citations omitted).  Notwithstanding these legal requirements, Plaintiff merely alleges in conclusory fashion that he suffered "actual damages," but then goes on to list several categories of economic damages that are not recovery, such as "loss of privacy" and "emotional distress."  *See* SAC ¶ 185.  Accordingly, it would be futile to allow Plaintiff to amend his FDUTPA claim.

### D. Count V – Invasion of Privacy-Intrusion

Count V for invasion of privacy-instruction is also futile as Plaintiff's claim suffers from the same deficiencies as its predecessor.

Florida recognizes "intrusion - physically or electronically intruding into one's private quarters" as a tort. *Allstate Insurance Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003). "The intrusion to which this refers is into a 'place' in which there is a reasonable expectation of privacy." *Id.* "The elements of the tort of invasion of privacy by the disclosure of private facts are: '1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern.'" *Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 503 (Fla. 3d DCA 1993). "Claims based on this tort generally must be made to 'the public at large or to so many persons that the

matter is substantially certain to become public knowledge.'" *Guarino*, 327 So. 3d
at 863 (Fla. 4th DCA 2021) (quoting *Bilbrey*, 91 So. 3d at 892).

Similarly, invasion upon selection "requires intrusions 'into a 'place' in which
there is a reasonable expectation of privacy." *Spilfogel v. Fox Broadcasting Co.*, 433
F. App'x 724, 726 (11th Cir. 2011). "For liability to attach, the offender must be
guilty of 'physically or electronically intruding into one's private quarters.'" *Id.*

 Here, there is no difference between Count V of the FAC and the proposed
Count V in the SAC other than adding an "s" on the end of Plaintiffs and the numbers
of the paragraph are different. Plaintiff's proposed SAC failed to allege any
publication of Plaintiff's tax return information to the public in general, or even to a
large number of persons such that the information is certain to become public
knowledge. In fact, Plaintiff does not allege that there was any publication to the
public at all.

Further, Plaintiff's proposed SAC does not allege there was any invasion as
to Plaintiff's "home or another private place." Indeed, there is no allegation in the
SAC that Plaintiff has some reasonable expectation of privacy in Ali's computer
systems, which was the subject of the Agreed Order on Forensic Examination. *See
Bradley v. City of St. Cloud*, 2013 WL 3270403, at *5 (M.D. Fla. June 26, 2013)
(dismissing a claim for intrusion upon seclusion based on the defendant viewing
plaintiff's medical record without her authorization.); *Watts v. City of Hollywood,*

*Fla.*, 146 F. Supp. 3d 1254, 1267 (S.D. Fla. 2015) (database where plaintiffs driver's license information was kept was not a "place" for purposes of a claim for invasion of privacy). Thus, granting Plaintiff leave to amend would be futile as the proposed SAC as amended would still be properly dismissed. *Cockrell*, 510 F.3d at 1310.

## III.    The SAC Will Be Prejudicial

Finally, Plaintiff has filed two (2) iterations of his complaint despite knowing the existence of his wife and daughter as potential plaintiffs and knowing the deficiencies of FAC for over sixty (60) days. *See* ECF No. 1, ECF No. 22. Defendants have incurred substantial fees and costs in moving to dismiss each iteration of Plaintiff's complaint, as well as preparing and serving a Rule 11 motion.

Simply put, Plaintiff's "file, wait, and tailor" strategy to amend his pleadings and now add two additional plaintiffs/class representatives has caused the Defendants to waste time and money pointing out the flaws in Plaintiff's case. Plaintiff should be prohibited from injecting parties that have been known to him before the inception of this litigation, as well as adding facts that have been known to Plaintiff since before the inception of this litigation. *See also Andrx Pharmaceuticals, Inc.*, PLC, 421 F.3d at 1236 ("Andrx's undue delay in moving for leave to amend, its attempt to inject a new theory of recovery, and its failure to show that justice required the grant of its motion demonstrate that the district court did not

clearly abuse its discretion in denying Andrx's motion for leave to amend.").
Accordingly, for the foregoing reasons, Plaintiff's Motion should be denied.

**WHEREFORE**, for the foregoing reasons, Defendants Rottenstreich Farley
Bronstein Fisher Potter Hodas LLP, Meliza Miller, Richard I. Segal, Lawgical
Insight, LLC, Andrew Bauta, and Michael Russo, hereby respectfully request this
Honorable Court entered an Order denying Plaintiff's Motion for Leave to Amend
Complaint and to Add Plaintiffs with Memorandum of Law in Support (ECF No. 53)
and for any other relief this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2025, a copy of the foregoing is
being served upon all counsel of record by CM/ECF.

Respectfully submitted,

| | |
|---|---|
| STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC | COLE, SCOTT & KISSANE, P.A. |
| 2 S. Biscayne Blvd., Ste. 1600 | Esperante Building |
| Miami, FL 33131 | 222 Lakeview Ave., Suite 500 |
| Tel.: (305) 614-1415 | West Palm Beach, Florida 33401 |
| Fax: (305) 614-1425 | Jonathan.vine@csklegal.com |
| | Sheena.maldonado@csklegal.com |
| | Telephone: (561) 383-9200 |
| | Facsimile: (561) 683-8977 |

By: */s/ Timothy A. Kolaya*                  By: */s/ Sheena S. Maldonado*
Timothy A. Kolaya                                   Jonathan Vine, Esq.
Florida Bar No. 056140                            Florida Bar. No. 10966
Email: tkolaya@sknlaw.com               Sheena S. Maldonado, Esq.
Francis D. Murray                                   Florida Bar No.: 118919
Florida Bar No. 108567
Email: fmuuray@sknlaw.com

Jordanna Ishmael
Florida Bar No. 1011647
Email: jishmael@sknlaw.com

*Counsel for Defendants, Lawgical Insight, LLC, Andrew Bauta, and Michael Russo*

*Counsel for Defendants, Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, Meliza Miller, and Richard I. Segal*