# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANSARI MOHAMAD,

        Plaintiff,

v.

        **Case 6:24-cv-02354-JSS-LHP**

LAWGICAL INSIGHT, LLC,
et al.

        Defendants.

_____ /

## PLAINTIFF'S, ANSARI MOHAMAD, OPPOSITION TO MOTION FOR JUDICIAL NOTICE (D.E. 83)

The Plaintiff, Ansari Mohamad, by and through his undersigned counsel, hereby opposes Defendants Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, Meliza Miller, and Richard I. Segal (collectively, "Lawyer Defendants"), Motion for Judicial Notice (the "Motion").

## I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff, Ansari Mohamad, alleges that the Lawyer Defendants, in concert with the other named defendants, 1) by the use of the Defendants' computers and other devices, the Defendants intercepted or endeavored to intercept the Plaintiff's contemporaneous electronic communications with Accountant Ali or endeavored to intercept Plaintiff's contemporaneous

1

electronic communications with Accountant Ali in violation of the ECPA; and 2) engaged in unlawful conduct by a) Accessing stored electronic communications without lawful authorization; b) Using login credentials to retrieve stored banking records without Plaintiff's knowledge or consent; c) Exploiting Plaintiff's stored electronic communications for commercial gain; d) Failing to meet any valid exception under the SCA.

The Defendants allege that their adherence to the State Court Action court's Agreed Order Regarding Forensic Examination is a complete defense to the Plaintiff's claims and each of the foregoing orders and filings requested to be judicially notice are pertinent to resolving the central issues to the Plaintiffs' claim, as well as the resolution of multiple motions pending before this Court. The Plaintiff disagrees.

## II.   MEMORANDUM OF LAW

In general, district courts enjoy "wide discretion" when resolving evidentiary issues such that evidentiary "rulings will not be disturbed on appeal absent a clear showing of abuse of discretion." *Fields v. United Network for Organ Sharing et al.* No. 24-cv-02354-JSS-LHP at *1–5 (M.D. Fla. May 6, 2025) citing *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 686 (11th Cir. 1984). That said, because "the taking of judicial notice bypasses the

safeguards which are involved with the usual process of proving facts by competent evidence in district court," it "is, as a matter of evidence law, a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). Two sources of law governing judicial notice are central to the resolution of the instant motion: Federal Rule of Evidence 201 and 44 U.S.C. § 1507. *See United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (explaining that even though a piece of information was "not an adjudicative fact governed by Rule 201, it [wa]s a fact subject to judicial notice under section 1507, as a matter that appeared in the Federal Register"). Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Under the Rule, the Court may only take judicial notice of adjudicative facts – those facts that are "simply the facts of the particular case." Fed. R. Evid. 201, 1972 Advisory Committee notes. The Notes of the Advisory Committee on Proposed Rules explain that "adjudicative facts" concern

"immediate parties–who did what, where, when, how, and with what motive or intent." *Id.*

Federal Rule of Evidence 201 authorizes the court to take judicial notice of adjudicative (rather than legislative) facts that are "not subject to reasonable dispute" either because they are "generally known within the . . . court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). If adjudicative facts are not subject to reasonable dispute for one of these reasons, the court "must take judicial notice [of the facts] if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "In a civil case, the court must instruct the jury to accept . . . as conclusive" the facts judicially noticed under the rule. Fed. R. Evid. 201(f). *United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997) ("[A] court may refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules."). The party seeking judicial notice of facts bears the burden of establishing the facts' relevance. *See Vallot*, 641 F.2d at 351 (deeming "without merit" a party's argument that the court should have

4

judicially noticed information in the Federal Register because the party "did not demonstrate that the information . . . was relevant").

## II.    LEGAL ARGUMENT

The Lawyer Defendants' request for judicial notice should be denied for three reasons. First, they have failed to demonstrate the relevance of each fact they seek to have judicially noticed. Second, the state court orders and pleadings they reference do not establish that these documents are undisputed. Finally, their request contradicts the "highly limited" approach endorsed by the Eleventh Circuit.

### A. The Court Need Not to Judicially Notice Irrelevant Facts Contained in the State Court Orders and Pleadings.

The Defendant requests that the Court take judicial notice of numerous assertions related to the litigation between the CFTAS Defendants and Account Ali, who is not an immediate party to this case as contemplated by Fed. R. Evid. 201 and the 1972 Advisory Committee notes. These orders and filings are irrelevant to resolving the core issues of the Plaintiffs' claims. Regarding the ECPA and SCA, federal courts have exclusive jurisdiction over the disclosure, use, access, and obtainment of electronic communications between the Plaintiff and Account Ali, including emails,

electronically stored information (ESI), and data. Federal wiretap laws preempt all state laws, prohibiting any state from allowing access to wire, oral, or electronic communications with less justification than federal law requires. Therefore, any state court orders or pleadings where the Lawyer Defendants seek judicial notice do not authorize them to request or intercept electronic or stored communications, mainly tax return information, between the Plaintiff and Account Ali. It would be improper for this Court to take judicial notice of such orders and pleadings, especially when the documents were entered and filed without notice and due process to Plaintiff Mohamad.

## B. The Court Cannot Readily Determine the Accuracy of Defendant's Argumentative Characterizations of Disputed Facts.

"[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). As the Eleventh Circuit has explained, district courts should exercise caution in taking judicial notice because it "bypasses the safeguards which are involved in with the usual process of proving facts by competent evidence in the district court." *Id*. Courts routinely refuse to take judicial notice of facts even when the result of express findings by a court in another

6

litigation. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that a court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"); *Grayson v. Warden, Comm'r, Ala.* DOC, 869 F.3d 1204, 1225 (11th Cir. 2017).

Contrary to the Eleventh Circuit's cautionary stance on a "highly limited" approach, the Defendant urges this Court to take judicial notice of over one hundred pages of pleadings, non-evidentiary hearing transcripts, orders, and the Defendant's characterizations of these documents while the state litigation remains ongoing. The Defendant contends that this information is judicially noticeable because it consists of public records whose accuracy is presumed to be reliable, and the contents can be accurately and readily ascertained. However, the mere fact that certain information appears in public records does not inherently make its substance indisputable. The pleadings and orders in the state court case are extensive. The Lawyer Defendants' attempt to selectively present pleadings and orders from the state court is improper and fails to provide the Court with sufficient context for judicial notice, even if such documents were relevant. Furthermore, since the state court litigation is still pending, the

information and its interpretation are subject to change, rendering it incapable of precise or readily determinable assessment. This challenges the assertion that the information is "not subject to reasonable dispute."

The characterization of numerous facts by the Lawyer Defendants, which they seek the Court to judicially notice, is contested by Accountant Ali in ongoing state court proceedings, which are also subject to appeal. Advisory notes to subdivision (b) of Rule 201 emphasize caution in recognizing adjudicative facts, requiring that such matters be beyond reasonable controversy. According to Federal Rule of Evidence 201, 1972 Advisory Committee notes, the purpose of judicial notice is to prevent a party from presenting contrary evidence and to effectively direct a verdict against them, which is appropriate only for facts that an unreasonable person would not dispute. *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Denying a party the right to present evidence on a disputed fact would violate the constitutional guarantee of a trial by jury. *Id*. Recognizing these assertions—central to the dispute—through judicial notice would impede the Plaintiff's ability to participate in the adversarial process.

## CONCLUSION

Therefore, based on the foregoing, the Court should exercise its "wide discretion" with respect to evidentiary matters, *see Worsham*, 734 F.2d at 686, to decline the request for judicial notice and deny the Lawyer Defendants' motion for judicial notice.

Dated: June 16, 2025

Respectfully submitted,

**J. BRIAN PHILLIPS, P.A. ATTORNEY AT LAW**

/s/ Jason Brian Phillips, Esquire
Jason Brian Phillips, Esq.
Florida Bar No: 0089841
J. BRIAN PHILLIPS, P.A. Attorney at Law
37 N Orange Ave Ste 222
Orlando, FL 32801-2439
Tel. (407) 493-7183
jason@jbrianphillipsesq.com
celina.reis@jbrianphillipsesq.com
Attorney for the Plaintiff, Ansari Mohamad

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2025, a copy of the foregoing is being served upon all counsel of record by CM/ECF.

/s/ Jason Brian Phillips, Esquire
Jason Brian Phillips, Esq.
Florida Bar No: 0089841