# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANSARI MOHAMAD,

      Plaintiff,

v.

                                    **Case 6:24-cv-02354-JSS-LHP**

LAWGICAL INSIGHT, LLC,
et al.

      Defendants.

_____ /

## PLAINTIFF'S, AMENDED RESPONSE IN OPPOSITION TO THE DEFENDANTS', SIGMA TAX PRO LLC AND GRANT HEMMINGWAY, MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND FOR JUDICIAL NOTICE OF CERTAIN DOCUMENTS AND COURT FILING (D.E. 85)

The Plaintiff, ANSARI MOHAMAD (referred to hereinafter as "the Plaintiff"), by and through undersigned counsel, files this as his Response and Objection to the SIGMA Defendants Motion to Dismiss First Amended Complaint and requests that the Court enter an order denying the Defendants' motion, and states as grounds the following:

## I.    MOTION TO DISMISS STANDARD

A motion to dismiss brought under Rule 12 (b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts

in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (overruled on other grounds). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft c. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir.2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir.2003). Further, the Court may take judicial notice of public documents on a motion to dismiss "for the purpose of determining what statements the documents contain." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

## II.    INTRODUCTION

The Taxpayer Bill of Rights affirms that taxpayers can expect their information to remain confidential unless disclosure is authorized by law or the taxpayer. It guarantees that appropriate actions will be taken against employees, return preparers, and others who misuse or improperly disclose taxpayer information. Section 6103 explicitly states that returns and return information shall be kept confidential. Pursuant to 26 C.F.R. § 301.7216-1(b)(3), the term "tax return information" includes any information, such as a taxpayer's name, address, or identifying number, furnished in connection with the preparation of a tax return. This encompasses information the taxpayer would not have provided to the tax return preparer but for the purpose of engaging the preparer to prepare the return. Consequently, any information provided by a taxpayer to a tax preparation company like SIGMA is considered tax return information (TRI).

It is undisputed that the SIGMA Defendants, as return preparers, disclosed the taxpayer information of the Plaintiff. The Defendants do not contest that the Plaintiff's tax return information was disclosed. It is also undisputed that the state court litigation is unrelated to the IRS. The remaining issues for the Court to decide, as outlined in the Motion to

3

Dismiss, are whether the Plaintiff's claims are barred by Florida's litigation privilege and whether the Stored Communications Act (SCA) provides a complete defense for good faith reliance on a court warrant or order, as specified in 18 U.S.C. § 2707(e). The answers to both questions are negative. Finally, Mr. Hemmingway, Vice President of Operations and records custodian for SIGMA, was properly notified of the alleged misconduct as detailed in Count III of the Amended Complaint.

## III.  LEGAL ARGUMENT

### A. SIGMA Broke the Law When it Failed to Comply with 26 CFR § 301.9000-5

The IRS has an entire division dedicated to the proper use and disclosure of the Plaintiff's TRI in non-IRS matters. The SIGMA Defendants argue that the disclosure of the Plaintiff's tax return information was in good faith compliance with the Sigma Subpoena issued by the Lawyer Defendants. This argument has no merit.

26 CFR § 301.9000-5 provides:

**§ 301.9000-5 Written statement required for requests or demands in non-IRS matters.**

(a) Written statement. A request or demand for IRS records or information for use in a non-IRS matter shall be accompanied by a written statement made by or on behalf of the party seeking the

testimony or disclosure of IRS records or information, setting forth—

(1) A brief description of the parties to and subject matter of the proceeding and the issues;

(2) A summary of the testimony, IRS records or information sought, the relevance to the proceeding, and the estimated volume of IRS records involved;

(3) The time that will be required to present the testimony (on both direct and cross examination);

(4) Whether any of the IRS records or information is a return or is return information (as defined in section 6103(b) of the Internal Revenue Code (Code)), or tax convention information (as defined in section 6105(c)(1) of the Code), and the statutory authority for the disclosure of the return or return information (and, if no consent to disclose pursuant to section 6103(c) of the Code accompanies the request or demand, the reason consent is not necessary);

(5) Whether a declaration of an IRS officer, employee or contractor under penalties of perjury pursuant to 28 U.S.C. 1746 would suffice in lieu of deposition or trial testimony;

(6) Whether deposition or trial testimony is necessary in a situation in which IRS records may be authenticated without testimony under applicable rules of evidence and procedure;

(7) Whether IRS records or information are available from other sources; and

(8) A statement that the request or demand allows a reasonable time (generally at least fifteen business days) for compliance. …

The SIGMA Defendants, in response to the state court subpoena, were required to comply with § 301.9000-5. They do not claim to have complied with this regulation nor that the IRS authorized the use or disclosure of the Plaintiff's information to the Lawyer Defendants. In fact, it is highly probable that the IRS would have denied such a request because: 1) the Plaintiff is not a party to the underlying state litigation, as per § 301.9000-5 (1); 2) there is no statutory authority for disclosing the return or return information, according to § 301.9000-5 (4); 3) the Plaintiff did not consent to the use or disclosure of this return information; and 4) the state court never obtained personal jurisdiction over the Plaintiff.

Furthermore, the subpoenas issued by the Lawyer Defendants on behalf of the CFTAS Defendants, requesting the Plaintiff's return information in the state court proceeding, do not fall under 26 U.S.C. § 6103(e), which authorizes disclosures to persons with a material interest:

> (1) In general, The return of a person shall, upon written request, be open to inspection by or disclosure to—
> (A) in the case of the return of an individual—
> (i) that individual,
> (ii) the spouse of that individual if the individual and such spouse have signified their consent to consider a gift reported on such return as made one-half by him and one-half by the spouse pursuant to the provisions of section 2513; or

(iii) the child of that individual (or such child's legal representative) to the extent necessary to comply with the provisions of section 1(g);

(B) in the case of an income tax return filed jointly, either of the individuals with respect to whom the return is filed;

(C) in the case of the return of a partnership, any person who was a member of such partnership during any part of the period covered by the return;

(D) in the case of the return of a corporation or a subsidiary thereof—

(i) any person designated by resolution of its board of directors

or other similar governing body,

(ii) any officer or employee of such corporation upon written

request signed by any principal officer and attested to by the secretary

or other officer,

(iii) any bona fide shareholder of record owning 1 percent or

more of the outstanding stock of such corporation,

(iv) if the corporation was an S corporation, any person who was a shareholder during any part of the period covered by such return during which an election under section 1362(a) was in effect, or

(v) if the corporation has been dissolved, any person authorized by applicable State law to act for the corporation or any person who the Secretary finds to have a material interest which will be affected by information contained therein;

(E) in the case of the return of an estate—

(i) the administrator, executor, or trustee of such estate, and

(ii) any heir at law, next of kin, or beneficiary under the will, of the decedent, but only if the Secretary finds that such heir at law, next of kin, or beneficiary has a material interest which will be affected by information contained therein; and

(F) in the case of the return of a trust—

(i) the trustee or trustees, jointly or separately, and

(ii) any beneficiary of such trust, but only if the Secretary find that such beneficiary has a material interest which will be affected by information contained therein.

The Defendants' reliance on *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) is misplaced and inapplicable to the established facts as hand. This case involves the discovery of third-party Tax Return Information (TRI), which is subject to strict regulations regarding its use and disclosure under the IRS code that are inapplicable in *McCready*. In *McReady*, the plaintiff was a party to the litigation. As previously discussed, only the IRS has the authority to authorize the disclosure of TRI in non-IRS matters. The SIGMA Defendants, as tax preparers, should have been aware that they were required to comply with § 301.9000-5 before disclosing the plaintiff's TRI. Similarly, the Lawyer Defendants knew or should have known that it was illegal for the CFTAS Defendants to use or disclose TRI for purposes other than filing a tax return. It is not legally significant that the plaintiff's amended complaint does not mention the subpoena issued in the state court action, as the state subpoena cannot override federal tax law. Federal law mandates that requests for IRS records in non-IRS matters must be accompanied by a written statement seeking disclosure of IRS records or

8

TRI. If the court were to hold otherwise, it would undermine the confidentiality provisions of the IRS code concerning tax return information.

**B. There is No Litigation Privilege or Absolute Immunity Violations of the Wiretapping Statutes.**

Florida's litigation privilege is an affirmative defense. *Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Trust Co.*, 810 So.2d 996, 998 (Fla. 4th DCA 2002). Florida's litigation privilege "does not bar federal claims." *See id.* at \*4; *see also Pescatrice v. Orovitz*, 539 F.Supp.2d 1375, 1380 (S.D.Fla.2008); *Battle v. Gladstone Law Grp., P.A.*, 12–14458–CIV, 2013 WL 3297552, at \*4 (S.D. Fla. June 28, 2013). Florida's Litigation privilege should not apply to the Defendants because the SIGMA Defendants are impermissibly performing a federal function in seeking to disclose and use the Plaintiff's TRI. Under the Supremacy Clause, "the Laws of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." *U.S. Const. art. VI, cl. 2.* "Pre-emption of state law thus occurs through the direct operation of the Supremacy Clause." *Kurns v. R.R. Friction Prods. Corp.*, 565 U.S. 625, 630 (2012) (citation and internal quotation marks omitted). The Defendant's duty to protect federal taxpayer return information is rooted in federal law and outside of the state

9

court proceedings. *See* C.F.R. § 301.7216-1 and 26 U.S. Code § 7216. As such, the SIGMA Defendants' conduct exceeds the scope of the state court proceedings. *See  Cole v. Echevarria, McCalla, Raymer, Barrett & Frappier*, 965 So.2d 1228, 1231 (Fla. 1st DCA 2007). The Defendants should not be able to use litigation privilege to shield themselves from failing to protect the rights of third parties when those rights are rooted in federal law. Applying the litigation privilege the SIGMA Defendants under these circumstances would render meaningless C.F.R. § 301.7216-1, 26 U.S. Code § 7216, and the Taxpayer Bill of Rights. Accordingly, the Court should find that litigation immunity privilege is inapplicable to this instant action.

### C. FDUTPA

FDUTPA is considered a state law complement to the Federal Trade Commission or "FTC Act." FDUPTA is sometimes called the "Little FTC Act" and closely mirrors the federal definitions of unfair or deceptive acts or practices. The FTC has determined that the following practices related to the

misuse of information are deceptive or unfair and are unlawful under

Section 5(a)(1) of the Federal Trade Commission Act[1]:

> It is an unfair or deceptive trade practice to use information
> collected in a context where an individual reasonably expects
> that such information will remain confidential ("Confidential
> Context") for any purpose not explicitly requested by the
> individual unless the individual first provides affirmative
> express consent for such use. FN2[2]
>
>> a) It is an unfair or deceptive trade practice to use information
>> collected in a Confidential Context to obtain a financial
>> benefit that is separate from the benefit generated from
>> providing the product or service requested by the
>> individual unless the individual first provides affirmative
>> express consent for such use.FN3[3]
>>
>> b) It is an unfair or deceptive trade practice to use information
>> collected in a Confidential Context to advertise, sell, or

---

[1] *Notice of Penalty Offenses Concerning Misuse of Information Collected in Confidential Contexts,* https://www.ftc.gov/enforcement/notices-penalty-offenses/penalty-offenses-concerning-confidential-contexts

[2] *In re: Beneficial Corp.*, 86 F.T.C. 119, 173, 175-177 (the fault we have found lies in the undisclosed use of confidential data, the law judge was correct in entering an order provision requiring full disclosure and consent … Beneficial may not use any information given by a tax customer unless the customer has signed a consent form detailing, … the specific purpose for the consent, the exact information to be used, and the particular use intended).

[3] *Id.* at 173 (noting that "the confidential relationship is breached whenever the customer's information is used for the financial gain of the [business] . . . [w]hether or not [the business] brokered confidential information to other businesses, or simply capitalized on it themselves…").

promote products or services unless the individual first provides affirmative express consent for such use. FN4

The SIGMA Defendants collected the Plaintiff's Tax Return Information (TRI) during the preparation of a tax return. It is unlawful for SIGMA, as a tax preparer, to disclose the Plaintiff's TRI to third parties for commercial purposes. It is also deceptive and unfair for the Lawyer Defendants to facilitate the Lawgical Defendants in disclosing and utilizing the Plaintiff's TRI for commercial gain without the Plaintiff's consent. The Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) extends beyond merely accessing Accountant Ali's software. The SIGMA Defendants aided and abetted other Defendants in using the Plaintiff's TRI for commercial purposes in business court litigation. The SIGMA Defendants endorsed the use of the Plaintiff's TRI to obtain financial benefits separate from the tax preparation process, without the Plaintiff's explicit consent. The Plaintiff alleges damages including loss of privacy, emotional distress, and financial harm, which constitute actual damages under FDUTPA. *See* Am. Compl. at ¶ 169.

**D. The Plaintiff Has Stated a Claim for Invasion of Privacy – Intrusion.**

At common law, the disclosure of private information imposes liability
where the defendant gives publicity to a private matter that would be highly
offensive to a reasonable person and is not of legitimate concern to the
public. *Florence*, 674 F. Supp. 3d at 480. "[F]acts regarding a person's ...
medical life are inherently private," *Thakkar v. Ocwen Loan Servicing, LLC*,
No. 15 C 10109, 2019 WL 2161544, at *13 (N.D. Ill. May 17, 2019) (emphasis
omitted), the unauthorized dissemination of which would be "no doubt"
highly offensive to a reasonable person. *Roper I*, 2023 WL 7410641, at *4. Nor
can it be said that the Plaintiff's tax return and tax return information is
generally a matter of legitimate public concern. "The right of privacy is
invaded by," among other things, "unreasonable intrusion upon the
seclusion of another." Restatement (Second) Torts § 652A. The Second
Restatement of Torts defines "intrusion upon seclusion" as follows:
"intentional[] intru[sion], physically or otherwise, upon the solitude or
seclusion of another or his private affairs or concerns, . . . if the intrusion
would be highly offensive to a reasonable person." Id. § 652B; *see Krakauer v.
Dish Network, L.L.C.,*  925 F.3d at 653 (quoting § 652B). The unauthorized
disclosure of this massive amount of personal information can be considered

13

an "unwanted intrusion into the home that marks intrusion upon seclusion." *See O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 246 (4th Cir. 2023). The Plaintiff has alleged a harm similar to an "intru[sion] . . . upon the solitude or seclusion of another or his private affairs or concerns" that is "highly offensive to a reasonable person." Restatement (Second) Torts § 652B. *Am. Fed'n of Tchrs. v. Bessent*, Civ. No. DLB-25-0430, 2025 WL 582063 (D. Md. Feb. 24, 2025). Accordingly, under these circumstances it is unnecessary for the Plaintiff to allege an intrusion into his "home or another private place." *See Id.* Intrusion upon seclusion, unlike the tort of public disclosure of private information, "does not depend upon any publicity given to the person whose interest is invaded or to his affairs." Restatement (Second) Torts, § 652B, cmt. a. To be sure, the Defendants' conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" The Plaintiff alleges that the Defendants have endeavored to unlawfully attain access to his, and other similarly situated, nearly 100,000 pages of sensitive TRI without notice or consent. The information includes bank account numbers; Social Security numbers; dates of birth; physical and email addresses; disability status; income and asset information; marital status; demographic information; employment records such as performance

14

appraisals and personnel actions; and information about family members, such as their financial status, dates of birth, and addresses.  Accordingly, the Plaintiff has stated a claim for invasion of privacy – seclusion.

### E.  The Plaintiff States a Claim Under the SCA.

The Eleventh Circuit has also found that a cloud-based email provider can provide electronic communication services. *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1177 n.4 (11th Cir. 2017); *Trump*, 62 F. Supp. 3d at 1317 (finding that Microsoft Office 365, "a cloud-based service . . . [that] provides the ability to send and receive emails . . . is a facility through which an electronic communication service is provided."). The Plaintiff has properly plead the SIGMA Defendants accessed a "facility through which an electronic communication service is provided." The FAC alleges the same in ¶¶ 117, 119, and 128. Respectfully, the task for the Court at this stage is not to determine definitively whether Accountant Ali's SIGMA account is an "electronic communications service," or "facility" but whether the FAC plausibly alleges that it is. If this Court draws all inferences in favor of the Plaintiff, the Plaintiff has done so.

### F.  The Plaintiff Objects to the Defendants' Request for Judicial Notice

The Court is not obligated to judicially recognize irrelevant facts found in state court orders and subpoena duces tecum. The SIGMA Defendants request that the Court only consider specific documents and filings directly related to a subpoena issued to Sigma. This subpoena is not relevant to the core issues of the Plaintiff's claims. Concerning the SCA, federal courts have exclusive jurisdiction over the disclosure, use, access, and retrieval of electronic communications between the Plaintiff and Account Ali, including emails, electronically stored information (ESI), and data. Furthermore, 26 CFR § 301.9000-5 outlines when TRI can be used in non-IRS litigation. Consequently, civil subpoenas seeking judicial notice by the SIGMA Defendants lack statutory authority to disclose the Plaintiff's TRI. It would be inappropriate for the Court to take judicial notice of the Sigma subpoena, particularly since it was issued without notice or the Plaintiff Mohamad's consent.

## IV.    CONCLUSION

For the foregoing reasons and based on the entire record in this case, Defendants' motion to dismiss the Plaintiff's first amended complaint [D.E. 85] should be denied, or if the Court finds it necessary, leave of court should be granted for the Plaintiff to file a second amended complaint.

16

Dated: June 27, 2025

        Respectfully submitted,

        **J. BRIAN PHILLIPS, P.A. ATTORNEY AT LAW**

              /s/ Jason Brian Phillips, Esquire
              Jason Brian Phillips, Esq.
              Florida Bar No: 0089841
              J. BRIAN PHILLIPS, P.A. Attorney at Law
              37 N Orange Ave Ste 222
              Orlando, FL 32801-2439
              Tel. (407) 493-7183
              jason@jbrianphillipsesq.com
              celina.reis@jbrianphillipsesq.com
              Attorney for the Plaintiff, Ansari
              Mohamad

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2025, a copy of the foregoing is being served upon all counsel of record by CM/ECF.

/s/ Jason Brian Phillips, Esquire
Jason Brian Phillips, Esq.
Florida Bar No: 0089841