UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD,

    Plaintiff,

v.                                                       Case No: 6:24-cv-2354-JSS-LHP

CENTRAL FLORIDA TAX AND
ACCOUNTING, INC., ANEES
AHMAD TANOLI, LAWGICAL
INSIGHT, LLC, ANDREW BAUTA,
MICHAEL RUSSO,
ROTTENSTREICH FARLEY
BRONSTEIN FISHER POTTER
HODAS LLP, MELIZA MILLER,
RICHARD I. SEGAL, GRANT
HEMMINGWAY, and SIGMA TAX
PRO LLC,

    Defendants.
_____/

## ORDER

Pursuant to Federal Rule of Evidence 201, Defendants Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, Meliza Miller, and Richard I. Segal (the Lawyer Defendants) move the court to take judicial notice of eight legal filings related to a state court action. (Dkt. 83; *see* Dkts. 83-1 to 83-8.) Similarly, Defendants Sigma Tax Pro LLC and Grant Hemmingway (the Sigma Defendants) move the court to take judicial notice of three filings in that action. (Dkt. 85; *see* Dkt. 85-1.) Plaintiff, Ansari Mohamad, opposes the motions for judicial notice. (Dkts. 86, 88.) Upon consideration, for the reasons outlined below, the court grants the motions and takes

judicial notice of the state court filings.

## BACKGROUND[1]

In the state court action, Defendant Central Florida Tax and Accounting, Inc. (CFTAS) has sued non-party Akbar A. Ali, who does business as A.A. Ali C.P.A., for the breach of a non-competition agreement. (Dkt. 22 ¶¶ 1, 4–6.) Defendant Anees Ahmad Tanoli is "a licensed C.P.A. doing business as CFTAS." (*Id.* ¶ 63.) The Lawyer Defendants represent CFTAS in the state court action. (*Id.* ¶¶ 59–61.) The Sigma Defendants provided electronic tax preparation services to Ali. (*Id.* ¶¶ 64–65, 118.) Defendant Lawgical Insight, LLC is an electronic discovery company that has acted as a forensic examiner in the state court action pursuant to an Agreed Order Regarding Forensic Examination. (*See id.* ¶¶ 7–11, 31, 36, 56.) Defendants Michael Russo and Andrew Bauta are officers for Lawgical. (*Id.* ¶¶ 57–58.) Plaintiff is one of Ali's former clients and is not a party to the state court action. (*Id.* ¶¶ 25, 55.) He sues on behalf of himself and a putative class derived from Ali's current and former clients. (*Id.* ¶ 1.)

Through eight counts, Plaintiff asserts violations of four statutes (the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510–23; Stored Communications Act (SCA), 18 U.S.C. §§ 2701–13; Florida Security of

---

[1] As this case is at the pleading stage, the court accepts as true the well-pleaded factual allegations in the operative amended complaint (Dkt. 22). *See Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1354 (11th Cir. 2021) ("Because this case has not advanced beyond the pleading stage, [the court] accept[s] the factual allegations in [the] complaint as true and construe[s] them in the light most favorable to [the plaintiff].").

Communications Act (FSCA), Fla. Stat. §§ 934.01–.50; and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), §§ 501.201–.213), alleges a privacy tort (intrusion upon seclusion) and violations of privacy rights under the Florida Constitution, and seeks declaratory and injunctive relief. (Dkt. 22 ¶¶ 78–174.) Plaintiff generally complains that the state court lacked the authority to order the disclosure and use of electronic communications containing his confidential tax return information. (*Id.* ¶ 23.) According to Plaintiff, Defendants have violated his privacy rights by disclosing and using his information without his consent for their own financial benefit in connection with the state court action. (*Id.* ¶¶ 1–3, 23–29, 36.)

In motions to dismiss, the Lawyer and Sigma Defendants contend that their good faith reliance on orders in the state court action defeats their liability in this case. (Dkt. 26 at 6–8; Dkt. 85 at 15–16.) They request judicial notice of filings in the action to support their positions. (Dkts 83, 85.) The Lawyer Defendants seek judicial notice of the Agreed Order, as well as two earlier orders on motions to compel by CFTAS, an order granting CFTAS's amended motion to compel compliance with the Agreed Order, Ali's petition for writ of certiorari in the action and his motion to stay the order granting the amended motion, an order staying the action pending resolution of the petition, and a state appellate order dismissing the petition for lack of jurisdiction. (Dkts. 83-1 to 83-8.) The Sigma Defendants move for judicial notice of a subpoena duces tecum that CFTAS issued to Sigma, a notice by CFTAS of its deposition of Sigma, and an affidavit showing that the subpoena was served on Sigma. (Dkt. 85-1.)

## APPLICABLE STANDARDS

Federal Rule of Evidence 201 authorizes a court to take judicial notice of adjudicative "fact[s] that [are] not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The "taking of judicial notice . . . is, as a matter of evidence law, a highly limited process" because it "bypasses the safeguards . . . involved with the usual process of proving facts by competent evidence." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). However, in general, "courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *accord United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the [pleading] stage."). "[A] court may take [judicial] notice of another court's order . . . for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotation marks omitted).

## ANALYSIS

Plaintiff maintains that the court should not judicially notice the requested state

court filings for three main reasons. (*See* Dkt. 86 at 5–8; Dkt. 88 at 16.) First, Plaintiff argues, the filings "are irrelevant to resolving the core issues" of Plaintiff's claims and "were entered . . . without notice and due process to Plaintiff." (Dkt. 86 at 5–6; *accord* Dkt. 88 at 16.) Second, according to Plaintiff, the motions for judicial notice represent a "selective[] present[ation]" of the state court pleadings that "fails to provide the [c]ourt with sufficient context" to take judicial notice. (Dkt. 86 at 7.) Third, Plaintiff claims that the pendency of the state court action means that information is still "subject to change" and thus still "subject to reasonable dispute." (*Id.* at 7–8.) These arguments are not well-developed with supporting explanations and applications of law to fact. (*See id.* at 5–8; Dkt. 88 at 16.) *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1283 (11th Cir. 2009) (explaining that a party waives its arguments when it fails to develop them). In any event, the court disagrees with them.

   The filings are relevant to resolving Plaintiff's claims because they pertain to Defendants' good faith reliance defense and related defenses, such as a litigation privilege. (*See, e.g.*, Dkt. 85 at 15–17.) *See Tapley v. Collins*, 211 F.3d 1210, 1213 & n.7 (11th Cir. 2000) (explaining that the ECPA "explicitly provides a complete defense to any civil or criminal action brought under the statute where the defendant relied in good faith upon" a court order); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004) ("Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings."). The court does not address the merits of these defenses in this order but takes judicial notice so that it can more fully consider the defenses as presented in motions pending in this case. The court will

consider Plaintiff's assertion that he lacked notice of the state court action when it resolves the motions. Further, if Plaintiff wishes to avoid a selective presentation of the state court action, he may move for judicial notice of the filings he deems necessary to provide context—particularly if developments in the action arguably change the facts, as he posits. That said, the court judicially notices the filings for the acts they represented when taken. *See Jones*, 29 F.3d at 1553. Because the state court filings "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the court judicially notices them. Fed. R. Evid. 201(b)(2); *see Osheroff*, 776 F.3d at 811 n.4; *Navarro*, 192 F. Supp. 3d at 1364.

## CONCLUSION

Accordingly:

1. The Lawyer and Sigma Defendants' motions for judicial notice (Dkts. 83, 85) are **GRANTED**.

2. The court takes judicial notice of the state court filings, (*see* Dkts. 83-1 to 83-8, 85-1), and will consider the filings when it decides motions pending in this case. **ORDERED** in Orlando, Florida, on July 24, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties