UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD,

        Plaintiff,

v.                                                                          Case No:   6:24-cv-2354-JSS-LHP

LAWGICAL INSIGHT LLC,
ANDREW BAUTA, MICHAEL
RUSSO, ROTTENSTREICH FARLEY
BRONSTEIN FISHER POTTER
HODAS LLP, MELIZA MILLER,
RICHARD I. SEGAL, CENTRAL
FLORIDA TAX AND ACCOUNTING,
INC and ANEES AHMAND TANOLI,

        Defendants

## ORDER

Before the Court is Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, Meliza Miller, and Richard I. Segal's (the "Lawyer Defendants'") Motion for Sanctions.  Doc. No. 51.  According to the motion, the Lawyer Defendants seek sanctions against Plaintiff Ansari Mohamad and his attorney, Jason Brian Phillips, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority.  *Id.*  Plaintiff and Attorney Phillips have responded in

opposition (Doc. No. 57), and the motion has been referred to the undersigned for consideration.

At the time the motion for sanctions was filed, the operative pleading was Plaintiff's amended class action complaint. Doc. No. 22. On September 22, 2025, the Court granted in part several motions to dismiss, and as relevant to the present motion for sanctions, dismissed with prejudice all claims against the Lawyer Defendants brought under Florida law as barred by the litigation privilege. Doc. No. 105. Other claims were dismissed without prejudice, and Plaintiff was afforded leave to replead, but without reasserting any Florida law claims. *Id.*

Plaintiff filed his second amended class action complaint on October 6, 2025, which asserts three claims against the Lawyer Defendants and others, but does not assert any claims under Florida law. Doc. No. 117. The Lawyer Defendants recently filed a motion to dismiss, which remains pending. Doc. No. 130. In addition, two other Plaintiffs – Shameena Mohamad and Ann Zebeeda Mohamed – filed a notice of voluntary dismissal. Doc. No. 133.

Given this procedural history, the undersigned directed the Lawyer Defendants to file a reply to their sanctions motion specifically explaining whether and to what extent the motion for sanctions remained pending. Doc. No. 135. The undersigned also noted that the Lawyer Defendants were free to file a notice withdrawing their sanctions motion. *Id.*

The Lawyer Defendants timely-filed their reply, in which they state that their motion for sanctions remains pending, but only as to the causes of action Plaintiff brought under Florida law and which the Court dismissed with prejudice as barred by the litigation privilege (*i.e.* Counts IV-VII of the amended complaint). Doc. No. 141, at 2-5. However, the Lawyer Defendants further state that they will withdraw their motion for sanctions as it pertains to Counts I and II of the second amended class action complaint, and state that they will file a second Rule 11 motion for sanctions at some future unspecified point in time. *Id.*, at 5-6. And contemporaneous with their reply, the Lawyer Defendants filed a notice of withdrawal of their motion for sanctions as to these Counts. Doc. No. 142.

The Lawyer Defendants provide no legal authority in their reply suggesting that such a piecemeal approach to sanctions would be appropriate. And the undersigned finds that addressing multiple motions for sanctions related to Plaintiff's pleadings, particularly when it is unclear at this point the basis for the relief being sought, [1] or when any further motions will be filed, would not be an efficient use of judicial and attorney resources. Thus, in an effort to streamline at

---

[1] It is unclear from the Lawyer Defendants' reply whether the present motion (Doc. No. 51) continues to seek sanctions under Rule 11, 28 U.S.C. § 1927, the Court's inherent power, or some combination thereof. Doc. No. 141. The Lawyer Defendants' reply focuses solely on Rule 11. *Id.* This lack of clarity only provides further support for the approach the undersigned is taking here – permitting one omnibus motion for sanctions at the conclusion of litigation.

least this portion of this heavily litigated case, it is **ORDERED** that the Lawyer Defendants' motion for sanctions (Doc. No. 51) is **DENIED without prejudice**.

The Lawyer Defendants may file a single renewed motion for sanctions within **thirty (30) days** of the entry of final judgment, if appropriate.  *See Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) ("Rule 11 sanctions normally will be determined at the end of litigation" (internal quotation marks and citation omitted)).  *See also Acufloor, LLC v. Eventile, Inc.*, No. 2:21-cv-802-SPC-KCD, 2025 WL 2581782, at *1 (M.D. Fla. Aug. 18, 2025) (denying without prejudice motion for Rule 11 sanctions as premature, with direction to refile at the conclusion of the case). Such motion must clearly identify the legal basis or bases for the requested sanctions, as well as provide a detailed memorandum of law in support.  *See* Local Rule 3.01(b).

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record