UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSARI MOHAMAD,

      Plaintiff,

v.                                      Case No: 6:24-cv-2354-JSS-LHP

CENTRAL FLORIDA TAX AND
ACCOUNTING, INC., ANEES
AHMAND TANOLI, LAWGICAL
INSIGHT, LLC, ANDREW BAUTA,
MICHAEL RUSSO,
ROTTENSTREICH FARLEY
BRONSTEIN FISHER POTTER
HODAS LLP, MELIZA MILLER, and
RICHARD I. SEGAL,

      Defendants.
_____/

## **ORDER**

Defendants Anees Ahmand Tanoli and Central Florida Tax and Accounting, Inc. (CFTAS) move to dismiss the second amended complaint (Dkt. 117) pursuant to Federal Rule of Civil Procedure 12(b)(5). (Dkt. 131.) Plaintiff, Ansari Mohamad, opposes the motion. (Dkt. 143.) Upon consideration, for the reasons outlined below, the court grants the motion and dismisses Tanoli and CFTAS from this case without prejudice based on insufficient service of process.

## **BACKGROUND**

Plaintiff initiated this case in December 2024, (Dkt. 1), alleging violations of federal law stemming from a court-ordered forensic examination performed in July

2024 in an ongoing state case, (*see* Dkts. 1, 22, 117).  The initial complaint brought claims against Tanoli and CFTAS for the unauthorized inspection and disclosure of Plaintiff's tax return information under 26 U.S.C. §§ 6103 and 7431.  (Dkt. 1 at 2–4, 16–20.)  In February 2025, Plaintiff amended the complaint to drop these claims and add claims against Tanoli and CFTAS under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510–2523, the Stored Communications Act (SCA), 18 U.S.C. §§ 2701–2713, and state law.  (Dkt. 22 at 27–37, 43–53.)  The second amended complaint drops the state law claims.  (*See* Dkt. 117 at 31–49.)

CFTAS is a Florida company licensed to do business in Florida, and Tanoli is a Florida resident and an individual doing business as CFTAS.  (*See id.* at 25; Dkt. 131 at 24.)  In April 2025, Plaintiff filed a return of service form attesting to effecting service of the initial complaint on CFTAS in Florida in January 2025.  (Dkt. 49.)  The form states that CFTAS's "registered agent was not available," that "no officers [were] present," and that the summons and complaint were left with Junaid Afzal, an alleged manager of CFTAS.  (*Id.* at 1 (emphasis omitted).)  In June 2025, Plaintiff filed a letter from the Florida Department of State regarding service on Tanoli.  (Dkt. 84.)  The letter states that "substitute[d] service of process was accepted" for Tanoli in May 2025 pursuant to section 48.081, Florida Statutes.  (*Id.*)  The letter does not indicate which documents were served on Tanoli.  (*See id.*)  After the form and the letter had been filed, Plaintiff moved for default against Tanoli and CFTAS, and these Defendants appeared in the case to oppose the motion.  (*See* Dkts. 91, 93–97.)  In August 2025, the court denied the motion for default and noted that Plaintiff had failed to demonstrate

proper service as to either Tanoli or CFTAS. (Dkt. 98.)

In December 2025, Tanoli and CFTAS moved to stay case management deadlines, asserting that they had been unable to participate meaningfully in discovery due to insufficient service of process. (Dkt. 161 at 3–4 ("[Tanoli and CFTAS] are not a party to—or subject to—the [case management and scheduling order] because the [c]ourt has not obtained personal jurisdiction over them via proper service. For this reason, [they] have not participated in, or signed on to, the statement of agreed facts the parties are developing in anticipation of filing summary judgment motions. . . . This [c]ourt would severely prejudice [Tanoli and CFTAS] and cause irreparable injury to their due process rights if they must file dispositive and pretrial motions without having the opportunity to investigate the claims and develop evidence. They were not included on any discovery request, deposition notice, or production of material until the month before discovery closed, and they were not provided with documents or other discovery material (beside the expert report) to prepare for the two depositions they minimally participated in." (citation omitted)).) The court granted the motion and stayed all case management deadlines as applied to Tanoli and CFTAS pending resolution of the instant motion to dismiss. (Dkt. 180.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 4(e) provides that an individual "may be served in a judicial district of the United States" in one of four ways: (1) by "delivering a copy of the summons and of the complaint to the individual personally," (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of

suitable age and discretion who resides there," (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or (4) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Corporations may be served in one of two ways: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A)—that is, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1)—or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). "A federal standard controls . . . whether a particular person is a managing agent for purposes of Rule 4(h)(1)(B)." *Ganpat v. E. Pac. Shipping, PTE. LTD.*, 434 F. Supp. 3d 441, 455 (E.D. La. 2020) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964)); *see Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004) (explaining that under Rule 4(h)(1), "[a] managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control").

Under Florida law, service of corporations is governed by section 48.081, Florida Statutes. *See A-One Dahill Moving & Storage Co., Inc. v. Am. Ins. Co.*, 436 So. 2d 424, 425 (Fla. Dist. Ct. App. 1983) (citing *Carlon, Inc. v. Lindy's of Omni, Inc.*, 408 So. 2d 243 (Fla. Dist. Ct. App. 1981)). Service must first be attempted on the corporation's

registered agent.  *See* Fla. Stat. § 48.081; *Navas Bar & Grill, Inc. v. Tapias*, 423 So. 3d 495, 498 (Fla. Dist. Ct. App. 2025).  If the registered agent cannot "be served after one good faith attempt . . . , the process may be served on" any person listed publicly on the corporation's latest annual report or on the chair of the board of directors, the president, the vice president, the secretary, or the treasurer.  Fla. Stat. § 48.081(3); *see Tapias*, 423 So. 3d at 498 ("Section 48.081(3) applies only if service cannot be made on a registered agent." (quotation omitted)).

"In Florida, the general rule is that a defendant must be personally served." *Baxter v. Miscavige*, No. 8:22-cv-986-TPB-JSS, 2023 WL 1993969, at *3, 2023 U.S. Dist. LEXIS 25024, at *11 (M.D. Fla. Feb. 14. 2023) (citing *Societe Hellin, S.A. v. Valley Com. Cap., LLC*, 254 So. 3d 1018, 1020 (Fla. Dist. Ct. App. 2018)).  However, substituted service of process on Florida residents conducting business in the state is available through the Florida Secretary of State when the residents conceal their whereabouts. *See id.*; *see also* Fla. Stat. § 48.181(4); *Alvarado-Fernandez v. Mazoff*, 151 So. 3d 8, 16 (Fla. Dist. Ct. App. 2014) ("[T]he jurisdictional requirements for substituted service of process [under section 48.181] . . . are that 'the defendant conducts business in Florida and is either a (1) non[]resident, (2) resident of Florida who subsequently became a non[]resident, or (3) resident of Florida concealing his or her whereabouts.'" (quoting *Pinero v. Yam Margate, LLC*, 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011))).  "To properly effectuate substitute service based on section 48.181, 'the complaint must either plead a basis for jurisdiction pursuant to the language of section 48.181 or allege sufficient jurisdictional facts to satisfy the statute.'" *Baxter*, 2023 WL 1993969, at *3–

4, 2023 U.S. Dist. LEXIS 25024, at *12 (quoting *Labbee v. Harrington*, 913 So. 2d 679, 682 (Fla. Dist. Ct. App. 2005)).

"Where substitute service is authorized by . . . section 48.181, section 48.161 provides the method for effectuating such service." *Id.* A plaintiff must show that "due diligence was exercised in attempting to locate and effectuate personal service on the party" purportedly concealing his or her whereabouts. Fla. Stat. § 48.161(3)(a); *accord Rebalko v. Atallah*, 413 So. 3d 170, 172–73 (Fla. Dist. Ct. App. 2025) ("When using a substituted service statute, to overcome the primary requirement of personal service, the plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant." (quotations omitted)). "Because substituted service of process statutes provide an exception to the general rule that a defendant must be personally served, they must be strictly construed to protect due process guarantees." *InClaim, LLC v. Structural Wrap, LLC*, 413 So. 3d 251, 255 (Fla. Dist. Ct. App. 2025) (quoting *Alvarado v. Cisneros*, 919 So. 2d 585, 588–89 (Fla. Dist. Ct. App. 2006)); *accord Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) ("[P]erfection of substituted service under [section] 48.161 'requires strict compliance with the statutory prerequisites because such service is an exception to personal service.'" (quoting *Wyatt v. Haese*, 649 So. 2d 905, 907 (Fla. Dist. Ct. App. 1995))). "The party seeking to effectuate substitute service bears the burden of pleading facts sufficient to support the applicability of the substitute service statutes." *Baxter*, 2023 WL 1993969, at *4, 2023 U.S. Dist. LEXIS 25024, at *13–14. "Where a defendant challenges the applicability of the substitute service statutes by affidavit or other proof, the plaintiff must then demonstrate

- 6 -

sufficient evidence to bring the defendant within the purview of the statutes." *Id.*

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *accord Baxter*, 2023 WL 1993969, at *3, 2023 U.S. Dist. LEXIS 25024, at *10 ("Where service of process is invalid, the court lacks jurisdiction over a defendant."). "Objections to service of process, however, like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought." *Pardazi*, 896 F.2d at 1317 (citing *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986)). Under Federal Rule of Civil Procedure 12(h)(1), a party waives any defense to personal jurisdiction or sufficient service of process by "omitting [the defense] from a motion in [certain] circumstances," failing to "make it by motion under [Rule 12]," or failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1)." Fed. R. Civ. P. 12(h)(1). The Federal Rules of Civil Procedure identify only seven categories of pleadings: (1) complaints, (2) answers to complaints, (3) answers to counterclaims, (4) answers to crossclaims, (5) third-party complaints, (6) answers to third-party complaints, and (7) replies to answers (if ordered by the court). Fed. R. Civ. P. 7(a); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014). When Rule 12(h)(1) refers to pleadings, it refers to these categories exclusively. *See Friends of the Everglades, Inc. v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *10, 2025 U.S. App. LEXIS 23012, at *28–29 (11th Cir. Sept. 4, 2025) (limiting pleadings to this "closed universe of documents" in the Rule 12(h)(1) context). To avoid waiver, a "party

simply must comply with Rule 12." *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 791 (11th Cir. 2017); *see id.* ("[N]othing in Rule 12 contemplates that an attorney's entry of a notice of appearance on a defendant's behalf amounts to a waiver of a Rule 12 defense."); *Friends of the Everglades*, 2025 WL 2598567, at *10, 2025 U.S. App. LEXIS 23012, at *29 ("A response to a motion for a temporary restraining order is not a pleading under the [Federal] Rules [of Civil Procedure], and a party's decision not to challenge venue therein does not amount to waiver.").

"[T]he burden of proving the validity of service of process is on the plaintiff." *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005); *accord Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity."). "If a defendant is not served within [ninety] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court has the discretion to "extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). For Rule 4(m) purposes, "[g]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration adopted and quotation omitted). When "a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the

facts of the case." *Id.* at 1282. "Only after considering whether [such circumstances] exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.* Factors to consider include whether a "statute of limitations would bar the refiled action," whether "the defendant is evading service," and whether "a defect in attempted service" is being concealed. *Id.* (quotation omitted).

## ANALYSIS

Tanoli and CFTAS make three arguments: (1) Tanoli was improperly served because the authority invoked, section 48.081, Florida Statutes, generally does not apply to service of process on individuals, (2) CFTAS was improperly served under section 48.081 because the process server attempted to serve CFTAS's registered agent only once, and (3) Tanoli and CFTAS have not waived proper service by opposing Plaintiff's motion for default. (Dkt. 131 at 24–25.) Because more than ninety days have passed since this action's filing, Tanoli and CFTAS seek dismissal of the claims against them based on improper service. (*See id.* at 24.) Plaintiff's response to the motion to dismiss fails to address the validity of service of process as to either Tanoli or CFTAS. (*See* Dkt. 143.) Therefore, Plaintiff wholly fails to meet his burden. *See Fitzpatrick*, 580 F. App'x at 694; *Martin*, 233 F.R.D. at 631. In any event, the court agrees with Tanoli and CFTAS.

First, Plaintiff has failed to demonstrate that service as to Tanoli was proper under Federal Rule of Civil Procedure 4 or Florida law. Plaintiff attempted to perform substituted service on Tanoli through the Florida Secretary of State under section

48.081. (Dkt. 84.) However, section 48.081 applies to corporations, not individual defendants. *See Island Stone Int'l Ltd. v. Island Stone India Priv. Ltd.*, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1437464, at *10, 2017 U.S. Dist. LEXIS 61027, at *29 (M.D. Fla. Apr. 4, 2017) ("[Section] 48.081 applies to serving a corporation, not an individual . . . ."), *report and recommendation adopted by* 2017 WL 1426664, 2017 U.S. Dist. LEXIS 60762, at *1 (M.D. Fla. Apr. 21, 2017), *and objections overruled by* 2017 WL 11629918, 2017 U.S. Dist. LEXIS 234804, at *7 (M.D. Fla. Apr. 25, 2017); *see also* Fla. Stat. § 48.081; *A-One*, 436 So. 2d at 425. Further, even if Plaintiff had invoked the proper authority, for the substituted service to be proper, he was required to show that he exercised due diligence to locate and effect personal service on Tanoli. *See* Fla. Stat. § 48.161(3); *InClaim*, 413 So. 3d at 253 (deeming service of process insufficient under section 48.161 where the plaintiff "failed to utilize due diligence in attempting to serve" the defendant); *cf. Baxter*, 2023 WL 1993969, at *5, 2023 U.S. Dist. LEXIS 25024, at *16–17 (deeming substituted service sufficient when the plaintiffs "reasonably employed knowledge at their command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances[] to acquire information necessary to enable them to effect personal service on" the defendant (alterations adopted and quotation omitted)). Based on the record, Plaintiff has failed to show strict compliance with Florida law in serving Tanoli through the Florida Secretary of State. *See InClaim*, 413 So. 3d at 255.

Second, Plaintiff has failed to establish proper service of process on CFTAS under Federal Rule of Civil Procedure 4 or Florida law. The return of service form

does not indicate that either CFTAS's registered agent or any of the individuals permitted to be served on CFTAS's behalf under Florida law were served. *See* Fla. Stat. § 48.081(2)–(3); *Saridis v. Vista St. Lucie Ass'n*, 804 So. 2d 372, 373 (Fla. Dist. Ct. App. 2001) (determining service on a corporation to be invalid where the affidavit filed by the process server noted that service was made on a corporate employee and "referred to [section 48.081(3)] but said nothing more"). Here, the affidavit merely states that the summons and complaint were left with Junaid Afzal, an alleged manager of CFTAS, (*see* Dkt. 49), but Plaintiff provides no support that Afzal meets the federal standard of a managing agent under Rule 4(h)(1)(B). *See Ganpat*, 434 F. Supp. 3d at 455; *see also Blue-Grace Logistics, LLC v. Harry Logistics, Inc.*, No. 8:20-cv-1536-MSS-JSS, 2020 WL 10055354, at *1, 2020 U.S. Dist. LEXIS 256058, at *2–3 (M.D. Fla. Dec. 7, 2020) (concluding that the plaintiff "failed to establish that service was proper under Rule 4(h)(1)(B) because there [wa]s no evidence" that the individual served, described as a safety manager, was "an 'officer' or a 'managing or general agent'" for the defendant corporation). Plaintiff has not satisfied his burden of proving that Afzal was authorized to receive service on CFTAS's behalf under federal or Florida law. *See Fitzpatrick*, 580 F. App'x at 694; *Martin*, 233 F.R.D. at 631.

Third, Tanoli and CFTAS did not waive proper service by appearing in this case to oppose the motion for default. *See Pouyeh*, 718 F. App'x at 791. The response to the motion for default did not constitute waiver under Rule 12(h)(1) because such a response is not a pleading or pre-answer motion. *See* Fed. R. Civ. P. 12(h)(1); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir.

2008) ("Under Rule 12, . . . the defendant must include [any objections to the sufficiency of service of process] in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer." (citing Fed R. Civ. P. 12(b), (g), (h))); *see also* Fed. R. Civ. P. 7(a).  Because Plaintiff did not properly serve Tanoli and CFTAS within the ninety days allowed by Federal Rule of Civil Procedure 4(m) and Tanoli and CFTAS did not waive proper service, the court lacks personal jurisdiction over these Defendants.  *See Pardazi*, 896 F.2d at 1317.

Finally, Plaintiff has shown no good cause for an extension of the time for service of process.  In its August 2025 order denying Plaintiff's motion for default, the court recognized that Plaintiff had not demonstrated adequate proof of serving Tanoli or CFTAS.  (Dkt. 98 at 2.)  Now, six months later, Plaintiff still has not established proper service, and Plaintiff's response to the instant motion to dismiss does not even address the issue of service.  (*See* Dkt. 143.)  Absent good cause, the court considers whether other factors warrant an extension of time to serve.  *See Lepone-Dempsey*, 476 F.3d at 1282.  Upon consideration of the facts of this case, the court finds no basis to conclude that Tanoli or CFTAS has evaded service or that a defect in attempted service has been concealed.  Nor will Plaintiff be barred by the statute of limitations from refiling against Tanoli or CFTAS because the limitations period for Plaintiff's claims is two years.  *See* 18 U.S.C. § 2520(e) (setting the limitations period for civil ECPA claims as two years from the date "the claimant first has a reasonable opportunity to discover the violation"); 18 U.S.C. § 2707(f) (setting the limitations period for civil

SCA claims as two years from the date "the claimant first discovered or had a reasonable opportunity to discover the violation"). The alleged violations stem from a court-ordered forensic examination performed in July 2024. (*See* Dkt. 117 at 17–22, 31–46.) Thus, Plaintiff could not have had a reasonable opportunity to discover the alleged violations before this date. Moreover, due to Plaintiff's insufficient service, Tanoli and CFTAS have yet to participate in discovery even though this litigation has been ongoing for over a year. (*See* Dkt. 161.) An extension of time for service would only lead to further delay. The court therefore grants the motion to dismiss based on insufficient service of process and dismisses Tanoli and CFTAS from this case without prejudice. *See Castillo v. Sunbelt Rentals, Inc.*, No. 6:23-cv-1339-ACC-LHP, 2024 WL 6961060, at *1, 2024 U.S. Dist. LEXIS 251583, at *3 (M.D. Fla. Aug. 2, 2024) ("[The p]laintiff has failed to show good cause for the delay [in service], and pursuant to Rule 4(m), the [c]ourt will dismiss [the defendant] from this action for [the p]laintiff's failure to timely serve th[e] defendant.").

## CONCLUSION

Accordingly:

1. The motion to dismiss for insufficient service of process filed by Tanoli and CFTAS (Dkt. 131) is **GRANTED**.

2. Tanoli and CFTAS are **DISMISSED without prejudice** from this case, and the Clerk is **DIRECTED** to terminate Tanoli and CFTAS as parties to this case.

**ORDERED** in Orlando, Florida, on February 17, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record